# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1266**
**KA 11-00483**
PRESENT: SCUDDER, P.J., SMITH, GREEN, GORSKI, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                      MEMORANDUM AND ORDER

JASON SAVERY, DEFENDANT-APPELLANT.

---

CHARLES A. MARANGOLA, MORAVIA, FOR DEFENDANT-APPELLANT.

JON E. BUDELMANN, DISTRICT ATTORNEY, AUBURN (CHRISTOPHER T. VALDINA OF COUNSEL), FOR RESPONDENT.

---

Appeal from a resentence of the Cayuga County Court (Mark H. Fandrich, A.J.), rendered February 15, 2011. Defendant was resentenced upon his conviction of burglary in the second degree.

It is hereby ORDERED that the resentence so appealed from is unanimously affirmed.

Memorandum: Defendant was convicted upon a jury verdict of, inter alia, burglary in the second degree (Penal Law § 140.25 [2]), and he appeals from the resentence on that conviction. County Court (Corning, J.) sentenced defendant to various concurrent and consecutive terms of imprisonment, but it failed to impose a period of postrelease supervision with respect to count 15, convicting defendant of burglary in the second degree, as required by Penal Law § 70.45 (1). Pursuant to Correction Law § 601-d, County Court (Fandrich, A.J.) resentenced defendant to add the requisite period of postrelease supervision.

Contrary to defendant's contention, the resentence does not violate the Double Jeopardy Clause of the U.S. Constitution (*see People v Lingle*, 16 NY3d 621, 630-631; *cf. People v Williams*, 14 NY3d 198, 217, *cert denied* ___ US ___, 131 S Ct 125). Contrary to defendant's further contentions, the court did not lose jurisdiction to resentence him pursuant to CPL 380.80 (*see Williams*, 14 NY3d at 213), and the failure to comply with the time limits set forth in Correction Law § 601-d (4) (c) or (d) does not require reversal (*see People v Thomas*, 68 AD3d 514, 515). " 'New York courts have the inherent authority to correct illegal sentences' . . ., regardless of the time limits set forth in [that statute]" (*People v Becker*, 72 AD3d 1290, 1291, *lv denied* 15 NY3d 747).

At the resentencing hearing, the court added a five-year period of postrelease supervision to count 15, but it stated that "[a]ll

other terms and conditions of [defendant's] sentenc[e] as imposed by the initial sentencing [c]ourt [would] remain the same." Defendant contends that, because the court did not specifically direct that the sentence on count 15 be served consecutively to the sentences imposed on counts 1 through 12, the sentence on count 15 must run concurrently with those sentences. We reject that contention. The original sentence imposed on count 15 was to run consecutively to the sentences imposed on counts 1 through 12. A court resentencing a defendant pursuant to Correction Law § 601-d is not "supposed to do anything at resentencing other than correct the discrete error prompting the resentencing in the first place" (*Lingle*, 16 NY3d at 634). The court therefore was bound to reimpose the original sentence, aside from the addition of any required period of postrelease supervision. By stating that all other terms and conditions of the original sentence would remain the same, the court effectively ordered the sentence imposed on count 15 to run consecutively to the sentences imposed on counts 1 through 12, as directed in the original sentence.

Contrary to defendant's remaining contention, the resentence is not illegal, and it is not unduly harsh or severe. We note, however, that the certificate of conviction fails to state that defendant was sentenced as a second felony offender and incorrectly reflects the nature of the consecutive sentencing. The sentences originally imposed on counts 1 through 6 were to run concurrently to each other; the sentences originally imposed on counts 7 through 12 were to run concurrently to each other and consecutively to the sentences imposed on counts 1 through 6; and the sentences originally imposed on counts 15 and 16 were to run concurrently to each other and consecutively to the other sentences. The certificate of conviction, however, states that the sentences imposed on only counts 1, 7 and 15 are to run consecutively to each other. The certificate of conviction must therefore be amended accordingly (*see e.g. People v Carrasquillo*, 85 AD3d 1618, 1620, *lv denied* 17 NY3d 814; *People v Afrika*, 79 AD3d 1678, 1680, *lv denied* 17 NY3d 791).

Entered:  December 23, 2011          Frances E. Cafarell
                                      Clerk of the Court