■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID M. CONDES, Appellant. [953 NYS2d 920]—Appeal from a resentence of the Cayuga County Court (Thomas G. Leone, J.), rendered September 1, 2011. Defendant was resentenced upon his conviction of unlawful imprisonment in the second degree, rape in the first degree (four counts), criminal sexual act in the first degree (three counts), attempted assault in the second degree, unlawful imprisonment in the first degree, aggravated sexual abuse in the first degree (two counts), assault in the

third degree, and attempted aggravated sexual abuse in the first degree.

It is hereby ordered that the resentence so appealed from is unanimously affirmed.

Memorandum: Defendant was convicted upon his plea of guilty of, inter alia, four counts of rape in the first degree (Penal Law § 130.35 [1]), and he appeals from a resentence on those convictions. At resentencing, County Court imposed defendant's original prison sentence without imposing a period of postrelease supervision, in accordance with Penal Law § 70.85. Defendant contends that the resentence constitutes cruel and unusual punishment. Where, as here, defendant appeals from a resentence conducted to address an error in failing to impose a period of postrelease supervision, this Court is without authority to reduce the period of incarceration imposed (*see People v Lingle*, 16 NY3d 621, 635 [2011]; *People v Howard*, 96 AD3d 1701, 1702 [2012]). Present—Centra, J.P., Peradotto, Sconiers, Valentino and Martoche, JJ.