# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**109**

**KA 11-00942**

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, SCONIERS, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                                  MEMORANDUM AND ORDER

ALFONZO QUINNEY, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SUSAN C. MINISTERO OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (ASHLEY R. SMALL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a resentence of the Erie County Court (Michael F. Pietruszka, J.), rendered November 17, 2010. The resentence imposed a period of postrelease supervision.

It is hereby ORDERED that the resentence so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a resentence pursuant to which County Court added a mandatory period of postrelease supervision (PRS) to the sentence previously imposed on his conviction, following a jury trial, of attempted assault in the first degree (Penal Law §§ 110.00, 120.10 [1]). Contrary to the contention of defendant, the court did not violate his due process rights during resentencing when it did not reevaluate the term of incarceration previously imposed. We note that, when defendant was originally sentenced, the court was required to impose a five-year period of PRS (*see* § 70.45 [1], [2]) and, by failing to do so, committed a *Sparber* error (*see People v Lingle*, 16 NY3d 621, 629; *see generally People v Sparber*, 10 NY3d 457, 468-471). Resentencing following a *Sparber* error "is limited to remedying [the] specific procedural error-i.e., . . . mak[ing] the required pronouncement" of PRS (*Lingle*, 16 NY3d at 635 [internal quotation marks omitted]). Thus, "[t]he court . . . was bound to reimpose the original sentence, aside from the addition of any required period of postrelease supervision" (*People v Savery*, 90 AD3d 1505, 1506, *lv denied* 18 NY3d 928).

Defendant's further challenge to the severity of the sentence is not properly before us. "Where, as here, defendant appeals from a resentence conducted to address an error in failing to impose a period of [PRS], this Court is without authority to reduce the period of incarceration imposed" (*People v Condes*, 100 AD3d 1552, 1553; *see Lingle*, 16 NY3d at 635).

Finally, we have reviewed defendant's remaining contentions and conclude that none requires modification or reversal of the resentence.

Entered:  March 15, 2013                    Frances E. Cafarell
                                            Clerk of the Court