# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

505

KA 12-00896

PRESENT: SMITH, J.P., FAHEY, CARNI, SCONIERS, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                          MEMORANDUM AND ORDER

CHRISTOPHER T. FAETH, DEFENDANT-APPELLANT.

---

ROBERT TUCKER, PALMYRA, FOR DEFENDANT-APPELLANT.

---

Appeal from a resentence of the Wayne County Court (John B. Nesbitt, J.), rendered April 19, 2012. Defendant was resentenced upon his conviction of robbery in the first degree.

It is hereby ORDERED that the resentence so appealed from is unanimously affirmed.

Memorandum: Defendant was convicted, following a jury trial, of murder in the second degree (Penal Law § 125.25 [2]) and robbery in the first degree (§ 160.15 [1]). On a prior appeal, we affirmed defendant's conviction (*People v Faeth*, 298 AD2d 987, *lv denied* 99 NY2d 558), and defendant now appeals from a resentence pursuant to Correction Law § 601-d and Penal Law § 70.45. County Court (Sirkin, J.), originally sentenced defendant as a second felony offender to consecutive terms of incarceration of 25 years to life on the conviction of depraved indifference murder and to a determinate term of incarceration of 20 years on the conviction of robbery, but failed to impose a period of postrelease supervision (PRS) with respect to the robbery conviction as required by Penal Law § 70.45 (1). To remedy that error (*see* Correction Law § 601-d), County Court (Nesbitt, J.) later resentenced defendant to the same 20-year term of incarceration on the robbery conviction, together with a five-year period of PRS.

We reject defendant's contention that the court erred in denying his request for new counsel prior to resentencing him. Defendant " 'did not establish a serious complaint concerning defense counsel's representation and thus did not suggest a serious possibility of good cause for substitution [of counsel]' " (*People v Adger*, 83 AD3d 1590, 1591, *lv denied* 17 NY3d 857; *see People v Austin*, 38 AD3d 1246, 1247, *lv denied* 8 NY3d 981). Even assuming, arguendo, that defendant's contention that there was a conflict of interest constitutes a complaint that there was a "complete breakdown of communication and lack of trust" between defendant and his current attorney, we conclude that such a contention would not necessarily warrant substitution but, rather, the court would be required to conduct a minimal inquiry to

determine whether substitution was appropriate (*People v Sides*, 75 NY2d 822, 825). Contrary to defendant's further contention, the court made the requisite "minimal inquiry" into his reasons for requesting new counsel (*Adger*, 83 AD3d at 1592 [internal quotation marks omitted]; *see People v Porto*, 16 NY3d 93, 99-100).

We further conclude that the court's resentencing of defendant was proper. Correction Law § 601-d "permit[s] [the Department of Correctional Services (DOCS)] to notify sentencing courts that [PRS] had not been properly imposed in certain cases . . . and to have th[o]se defendants returned to the original sentencing courts for modification of their sentences to include PRS" (*People v Williams*, 14 NY3d 198, 208, *cert denied* ___ US ___, 131 S Ct 125). "A court resentencing a defendant pursuant to Correction Law § 601-d is not 'supposed to do anything at resentencing other than correct the discrete error prompting the resentencing in the first place' " (*People v Savery*, 90 AD3d 1505, 1506, *lv denied* 18 NY3d 928, quoting *People v Lingle*, 16 NY3d 621, 634). Here, although a five-year period of PRS with respect to the robbery conviction was mandatory pursuant to Penal Law § 70.45 (1), County Court (Sirkin, J.) did not impose any period of PRS. Judge Nesbitt simply corrected defendant's sentence by imposing the required five years of PRS in accordance with Correction Law § 601-d (*see Savery*, 90 AD3d at 1506).

Finally, because defendant was still serving his original sentence at the time he was resentenced, we reject his contention that the resentence violated his rights under the Double Jeopardy Clause of the Fifth Amendment (*see Lingle*, 16 NY3d at 630-631; *Williams*, 14 NY3d at 217; *see also Savery*, 90 AD3d at 1506).

Entered: June 7, 2013                                    Frances E. Cafarell
                                                          Clerk of the Court