# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1047
KA 11-02010
PRESENT: SCUDDER, P.J., SMITH, FAHEY, SCONIERS, AND VALENTINO, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

JEFFREY L. HABERER, DEFENDANT-APPELLANT.

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SUSAN C. MINISTERO OF COUNSEL), FOR DEFENDANT-APPELLANT.

LORI PETTIT RIEMAN, DISTRICT ATTORNEY, LITTLE VALLEY (KELLY M. BALCOM OF COUNSEL), FOR RESPONDENT.

-----------------------------------------------------------------------------------------------------

Appeal from a resentence of the Cattaraugus County Court (Larry M. Himelein, J.), rendered August 15, 2011. Defendant was resentenced by imposing a period of postrelease supervision upon his conviction of sodomy in the first degree.

It is hereby ORDERED that the resentence so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a resentence pursuant to which County Court added a mandatory period of postrelease supervision to the sentence previously imposed on his conviction, upon a jury verdict, of sodomy in the first degree (Penal Law former § 130.50 [3]). Contrary to defendant's contention, the court did not violate his due process or statutory rights by its failure to reconsider the term of incarceration that was previously imposed. At defendant's original sentencing, the court committed a *Sparber* error by failing to impose a five-year period of postrelease supervision (*see* § 70.45 [1], [2]; *People v Lingle*, 16 NY3d 621, 629; *see generally People v Sparber*, 10 NY3d 457, 468-471). Resentencing following a *Sparber* error "is limited to remedying [the] specific procedural error—i.e., . . . mak[ing] the required pronouncement" of postrelease supervision (*Lingle*, 16 NY3d at 635 [internal quotation marks omitted]). Thus, "[t]he court . . . was bound to reimpose the original sentence, aside from the addition of [the] required period of postrelease supervision" (*People v Savery*, 90 AD3d 1505, 1506, *lv denied* 18 NY3d 928).

Defendant's further contention that the sentence is excessive is not properly before us. "Where, as here, defendant appeals from a resentence conducted to address an error in failing to impose a period of postrelease supervision, this Court is without authority to reduce the period of incarceration imposed" (*People v Condes*, 100 AD3d 1552, 1553, *lv denied* 20 NY3d 1060; *see Lingle*, 16 NY3d at 635). Finally,

we have reviewed defendant's remaining contentions, but conclude that they do not require modification or reversal of the resentence.

Entered:  November 8, 2013	Frances E. Cafarell
	Clerk of the Court