# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1272**

**KA 11-02028**

PRESENT: SCUDDER, P.J., CENTRA, FAHEY, LINDLEY, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                       MEMORANDUM AND ORDER

CHARLES MIKE, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (VICTORIA M. WHITE OF COUNSEL), FOR RESPONDENT.

---

Appeal from a resentence of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered July 12, 2011. Defendant was resentenced upon his conviction of assault in the second degree and criminal possession of a weapon in the second degree.

It is hereby ORDERED that the resentence so appealed from is unanimously affirmed.

Memorandum: Defendant was convicted in 1999 upon a jury verdict of, inter alia, assault in the second degree (Penal Law § 120.05) and criminal possession of a weapon in the second degree (§ 265.03), and Supreme Court failed to impose a period of postrelease supervision with respect to those counts as required by Penal Law § 70.45 (1). Pursuant to Correction Law § 601-d, the same court resentenced defendant to add the requisite period of PRS while he was serving his sentence. Contrary to defendant's contention, the resentence does not violate the Double Jeopardy Clause of the US Constitution or his due process rights (*see People v Lingle*, 16 NY3d 621, 630-633). The Court of Appeals in *Lingle* explicitly rejected defendant's present contention that he had served a significant portion of his sentence and thus had a reasonable expectation of the finality of his sentence (*see id.* at 630-631; *People v Faeth*, 107 AD3d 1426, 1428, *lv denied* 21 NY3d 1073). The Court also explicitly rejected defendant's instant contention that the resentence to correct a *Sparber* error violates his due process rights (*see Lingle*, 16 NY3d at 632-633). Indeed, the court was bound to impose "statutorily-required sentences" (*id.* at 633; *see People v Quinney*, 104 AD3d 1161, 1162, *lv denied* 21 NY3d 1008).

Entered: January 2, 2015                    Frances E. Cafarell
                                            Clerk of the Court