# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**562**

**KA 13-00462**

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, LINDLEY, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

ANDRE TERRY, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (ROMANA A. LAVALAS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a resentence of the Onondaga County Court (Joseph E. Fahey, J.), rendered November 22, 2011. Defendant was resentenced upon his conviction of assault in the second degree (three counts), reckless endangerment in the first degree (three counts) and criminal possession of a weapon in the second degree (four counts).

It is hereby ORDERED that the resentence so appealed from is unanimously affirmed.

Memorandum: Defendant was convicted in 2003 upon a jury verdict of, inter alia, three counts of assault in the second degree (Penal Law § 120.05 [2]) and four counts of criminal possession of a weapon in the second degree (§ 265.03 [2]), and County Court failed to impose a period of postrelease supervision with respect to those counts as required by Penal Law § 70.45 (1). Defendant contends that, because he had served nearly eight years of his original 20-year sentence of imprisonment, the sentencing court violated his constitutional rights against double jeopardy and to due process by resentencing him pursuant to Correction Law § 601-d and pronouncing the relevant term of postrelease supervision (PRS). As defendant himself acknowledges, however, the Court of Appeals has explicitly held that a resentencing to correct a failure to pronounce a period of PRS is permissible (*see People v Sparber*, 10 NY3d 457, 472), and that such resentencing does not violate the prohibition against double jeopardy or the right to due process when it occurs before completion of a defendant's originally-imposed sentence of imprisonment; moreover, the Court explicitly rejected defendant's instant contention that he had served a significant portion of his sentence and thus had a reasonable expectation of the finality of his sentence (*see People v Lingle*, 16 NY3d 621, 630-633). "Indeed, the court was bound to impose 'statutorily-required sentences' " (*People v Mike*, 124 AD3d 1325,

1325, quoting *Lingle*, 16 NY3d at 633).

Frances E. Cafarell
Clerk of the Court