# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**512**

**KA 08-02358**

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, CURRAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

MELCHI N. JONES, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

THE ABBATOY LAW FIRM, PLLC, ROCHESTER (DAVID M. ABBATOY, JR., OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Alex R. Renzi, J.), rendered May 15, 2008. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the fifth degree, improper lane: right turn, no seat belt and operating a motor vehicle without an inspection certificate.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a plea of guilty of criminal possession of a controlled substance in the fifth degree (Penal Law § 220.06 [5]) and various violations of the Vehicle and Traffic Law, defendant contends that County Court failed to make an appropriate inquiry into defendant's allegations of a potential conflict with his assigned counsel and thereby deprived defendant of his right to counsel of his choosing. We reject that contention.

"It is well settled that an indigent defendant is guaranteed the right to counsel by both the Federal and New York State Constitutions (see US Const 6th Amend; NY Const, art I, § 6), but this entitlement does not encompass the right to counsel of one's own choosing . . . While a court has a duty to investigate complaints concerning counsel, 'this is far from suggesting that an indigent's request that a court assign new counsel is to be granted casually' . . . Whether counsel is substituted is within the 'discretion and responsibility' of the trial judge . . . and a court's duty to consider such a motion is invoked only where a defendant makes a 'seemingly serious request[ ]' . . . Therefore, it is incumbent upon a defendant to make specific factual allegations of 'serious complaints about counsel' . . . If such a showing is made, the court must make at least a 'minimal inquiry,' and

discern meritorious complaints from disingenuous applications by inquiring as to 'the nature of the disagreement or its potential for resolution' " (*People v Porto*, 16 NY3d 93, 99-100; *see generally People v Sides*, 75 NY2d 822, 824-825; *People v Medina*, 44 NY2d 199, 207).

Here, on the day trial was scheduled to begin, defendant informed the court that, while he did not wish to represent himself, he also did not want to be represented by his assigned counsel. Defendant faulted defense counsel for failing to communicate with him, failing to provide him with certain paperwork, and failing to obtain a more favorable plea offer.

We agree with the People that defendant's complaints were not " 'serious complaints about counsel' " (*Porto*, 16 NY3d at 100). Rather, defendant "made only vague assertions that defense counsel was not in frequent contact with him and did not aid in his defense" (*People v MacLean*, 48 AD3d 1215, 1217, *lv denied* 10 NY3d 866, *reconsideration denied* 11 NY3d 790; *see People v Velasquez*, 66 AD3d 1460, 1461, *lv denied* 13 NY3d 942). Even assuming, arguendo, that defendant's complaints about defense counsel "suggest[ed] a serious possibility of good cause for the substitution [of counsel]" and thereby established a need for further inquiry (*People v Faeth*, 107 AD3d 1426, 1427, *lv denied* 21 NY3d 1073 [internal quotation marks omitted]), we conclude that "the court afforded defendant the opportunity to express his objections concerning defense counsel, and the court thereafter reasonably concluded that defendant's objections were without merit" (*People v Bethany*, 144 AD3d 1666, 1669; *see Faeth*, 107 AD3d at 1427).

Contrary to defendant's further contention, the court did not improperly focus on the timeliness of the request. The constitutional right to counsel "does not bestow upon a criminal defendant the absolute right to demand that his trial be delayed while he selects another attorney to represent him at trial" (*People v Arroyave*, 49 NY2d 264, 271; *see Porto*, 16 NY3d at 101).

Entered:  April 28, 2017                          Frances E. Cafarell
                                                  Clerk of the Court