ALBERT R. SUNICK, Respondent, v JOHN M. WADSWORTH, Appellant. [971 NYS2d 913]—

Appeal from an order of the Supreme Court, Erie County (Frederick J. Marshall, J.), entered December 17, 2012. The order denied the motion of defendant to change the place of the trial from Erie County to Chautauqua County.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: The parties were involved in an automobile/motorcycle accident in Chautauqua County, and plaintiff thereafter commenced this negligence action in Erie County. Defendant sought a change of venue from Erie County to Chautauqua County "upon the grounds that the convenience of material witnesses and the ends of justice will be promoted by the change." Supreme Court denied the motion, and we affirm. The standard of review for a change of venue is not whether the court abused its discretion but, rather, it is "whether such discretion was exercised in a provident manner" (*O'Brien v Vassar Bros. Hosp.*, 207 AD2d 169, 172 [1995]). Under the circumstances presented here, we cannot conclude that the court improvidently exercised its discretion in denying the motion to change venue. In our view, defendant failed to meet his burden of establishing that nonparty witnesses would in fact be inconvenienced in absence of a change of venue (*see Huttenlocker v White*, 298 AD2d 960, 960 [2002]; *O'Brien*, 207 AD2d at 173). Present—Scudder, P.J., Fahey, Sconiers and Valentino, JJ.

 THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SABRINA GUNTER, Appellant. [971 NYS2d 914]—

Appeal from a judgment of the Wayne County Court (Dennis M. Kehoe, J.), rendered July 19, 2011. The judgment convicted defendant, upon a jury verdict, of assault in the second degree and burglary in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting her upon a jury verdict of assault in the second degree (Penal Law § 120.05 [2]) and burglary in the second degree (§ 140.25 [2]). Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we reject defendant's contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). The testimony of the victim and an eyewitness, combined with the compelling physical evidence recovered from defendant's apartment and the testimony of the witnesses with respect to defendant's conduct before and after the incident, amply supports the jury's verdict. The jury was entitled to credit the testimony of the victim and the eyewitness and reject that of defendant (*see generally People v Baker*, 30 AD3d 1102, 1103 [2006], *lv denied* 7 NY3d 846 [2006]; *People v Smith*, 278 AD2d 837, 837 [2000], *lv denied* 96 NY2d 835 [2001]). Contrary to defendant's further contention, the sentence is not unduly harsh or severe. Present—Centra, J.P., Peradotto, Carni and Lindley, JJ. **[Prior Case History: 2011 NY Slip Op 32040(U).]**