■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE STEINHILBER, Appellant. [19 NYS3d 187]—Appeal by the defendant from a judgment of the County Court, Orange County (Freehill, J.), rendered February 19, 2014, convicting him of burglary in the first degree (two counts), attempted robbery in the first degree, assault in the second degree (two counts), menacing in the second degree, and criminal possession of a weapon in the third degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's challenge to the legal sufficiency of the evidence supporting his convictions is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484 [2008]). In any event, viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the opportunity of the finder of fact to view the

witnesses, hear testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that testimony relating to the contents of a surveillance video violated the best evidence rule is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Tanner*, 67 AD3d 609 [2009]), and we decline to reach it in the exercise of our interest of justice jurisdiction.

Viewed in their totality, the circumstances reveal that the defendant was not deprived of the effective assistance of counsel (*see Strickland v Washington*, 466 US 668 [1984]; *People v Baldi*, 54 NY2d 137 [1981]).

The defendant's remaining contentions are without merit. Dillon, J.P., Dickerson, Cohen and Duffy, JJ., concur.