# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1165
KA 14-00059
PRESENT: CARNI, J.P., LINDLEY, DEJOSEPH, CURRAN, AND TROUTMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

ANTHONY A. CARTER, DEFENDANT-APPELLANT.

---

DAVID J. PAJAK, ALDEN, FOR DEFENDANT-APPELLANT.

MICHAEL J. FLAHERTY, JR., ACTING DISTRICT ATTORNEY, BUFFALO (ASHLEY R. LOWRY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Michael L. D'Amico, J.), rendered November 20, 2013. The judgment convicted defendant, upon a jury verdict, of assault in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of assault in the second degree (Penal Law § 120.05 [2]), defendant contends that the conviction is not supported by legally sufficient evidence and that the verdict is against the weight of the evidence with respect to the issues of intent to cause physical injury and justification.

Viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), we conclude that the evidence that defendant stabbed the victim in the face and leg is legally sufficient to establish that defendant intended to cause physical injury (*see generally People v Bleakley*, 69 NY2d 490, 495). To the extent that defendant contends that the evidence is legally insufficient to support the conviction because the People failed to disprove the defense of justification beyond a reasonable doubt, we conclude that such contention is unpreserved for our review inasmuch as defendant failed to move for a trial order of dismissal on that ground (*see People v Fafone*, 129 AD3d 1667, 1668, *lv denied* 26 NY3d 1039). In any event, the evidence is legally sufficient to disprove defendant's justification defense (*see generally Bleakley*, 69 NY2d at 495).

We further conclude that, viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495). Even assuming,

arguendo, that a different verdict would not have been unreasonable, we note that " 'the jury was in the best position to assess the credibility of the witnesses and, on this record, it cannot be said that the jury failed to give the evidence the weight it should be accorded' " (*People v Chelley*, 121 AD3d 1505, 1506, *lv denied* 24 NY3d 1218, *reconsideration denied* 25 NY3d 1070).

Finally, the sentence is not unduly harsh or severe.

Entered:  December 23, 2016                    Frances E. Cafarell
                                               Clerk of the Court