■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE MIDDLETON, Appellant. [57 NYS3d 30]—

Judgment, Supreme Court, New York County (Daniel P. Conviser, J., at suppression hearing; James M. Burke, J., at jury trial and sentencing), rendered October 1, 2014, convicting defendant of criminal possession of stolen property in the fourth and fifth degrees and petit larceny, and sentencing him, as a second felony offender, to an aggregate term of two to four years, unanimously affirmed.

The court properly denied defendant's suppression motion. The police had probable cause to believe that defendant was acting in concert with the codefendant in stealing money from a purse set up by the police as a decoy in a large toy store (*see e.g. People v Arriaga*, 204 AD2d 96 [1st Dept 1994]). Viewed in totality, the only reasonable explanation of the two defendants' course of conduct was that they were a team of thieves. They did not look at merchandise or otherwise appear to be in the store for any legitimate reason. The two men approached the purse together, and as the codefendant tried to steal a wallet from the purse, defendant stood close by, engaging in behavior indicative of being a lookout while also positioning himself so as to conceal the codefendant's actions. Notably, defendant and the codefendant repeated the same behavior pattern twice, with the codefendant succeeding on his second attempt to steal from the purse. Rather than being conclusory, the police testimony about defendant's actions was sufficiently specific. Moreover, the officers were entitled to rely on their expertise regarding the manner in which this particular kind of larceny is commonly committed by a team (*see generally People v Valentine*, 17 NY2d 128, 132 [1966]). Defendant's implausible theory of having been merely present while his companion

committed a larceny is contrary to both the evidence and common sense.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. The petit larceny conviction was supported by the same evidence that supported the hearing court's finding; this evidence established defendant's accessorial liability (*see* Penal Law § 20.00) for the larceny beyond a reasonable doubt. The criminal possession of stolen property convictions, which were based on the recovery of a civilian victim's bank and identification cards from defendant at the time of his arrest in the decoy operation, were supported by evidence warranting the conclusion that the cards were stolen and not "lost," and that defendant was either involved in the theft or otherwise possessed them with the requisite guilty knowledge (*see People v Charles*, 196 AD2d 750 [1st Dept 1993], *lv denied* 82 NY2d 892 [1993]). Among other things, the evidence showed that defendant was in possession of the victim's cards, but without her missing wallet. The evidence also supported a reasonable inference that the bank card functioned as a "credit card" as defined in General Business Law § 511 (1), and any inconsistency in the victim's testimony on this subject was satisfactorily explained.

Defendant's challenge to the court's instructions is unpreserved, and we decline to review it in the interest of justice. As an alternative holding, we find no basis for reversal. Concur—Tom, J.P., Sweeny, Andrias, Moskowitz and Manzanet-Daniels, JJ.