Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered September 3, 2014. The judgment convicted defendant, upon a jury verdict, of rape in the third degree, forcible touching and endangering the welfare of a child (two counts).
 

 It is hereby ordered that the judgment so appealed from is unanimously affirmed.
 

 Memorandum: On appeal from a judgment convicting him following a jury trial of rape in the third degree (Penal Law § 130.25 [2]), forcible touching (former § 130.52), and two counts of endangering the welfare of a child (§ 260.10 [1]), defendant contends that he was denied a fair trial by prosecuto-rial misconduct. We conclude that “[defendant failed to object to the prosecutor’s cross-examination of defendant and the prosecutor’s comments during summation, and thus failed to preserve for our review his contentions concerning the alleged prosecutorial misconduct” (People v Gibson, 280 AD2d 903, 903 [2001], lv denied 96 NY2d 862 [2001]).
 

 We reject defendant’s alternative contention that defense counsel was ineffective for failing to object to the prosecutor’s cross-examination of defendant and the prosecutor’s comments during summation inasmuch as failure to make an objection that has little or no chance of success does not constitute ineffective assistance of counsel (see People v Douglas, 60 AD3d 1377, 1377-1378 [2009], lv denied 12 NY3d 914 [2009]; see generally People v Caban, 5 NY3d 143, 152 [2005]). We agree with defendant that, generally, it is improper for a prosecutor to force a defendant on cross-examination to characterize the prosecution witnesses as liars (see e.g. People v Hicks, 100 AD3d 1379, 1379 [2012]; People v McClary, 85 AD3d 1622, 1624 [2011]; People v Edwards, 167 AD2d 864, 864 [1990], Iv denied 77 NY2d 877 [1991]). Nevertheless, “a distinction has to be made between a defendant’s testimony that conflicts with that of the People’s witnesses and yet is susceptible to the suggestion that the witnesses spoke out of mistake or hazy recollection and the situation where, as here, the defendant’s testimony leaves open only the suggestion that the People’s witnesses have lied. In the latter circumstance, the prosecution has the right to ask whether the witnesses are liars” (People v Overlee, 236 AD2d 133, 139 [1997], lv denied 91 NY2d 976 [1998]; see People v Walker, 117 AD3d 1441, 1441 [2014], lv denied 23 NY3d 1044 [2014]; People v Head, 90 AD3d 1157, 1158 [2011]).
 

 Moreover, although we again agree with defendant that courts have “disapproved of a prosecutor, in summation, characterizing the defense theory as a ‘conspiracy’ by the . . . prosecution witnesses to convict the defendant” (People v Hayes, 48 AD3d 831, 831 [2008], lv denied 10 NY3d 959 [2008]), we conclude that the prosecutor’s remarks constituted a fair response to the defense counsel’s summation (see id.; People v Perkins, 24 AD3d 890, 891-892 [2005], lv denied 6 NY3d 816 [2006]; People v Thomas, 226 AD2d 290, 290 [1996], lv denied 88 NY2d 995 [1996]). In summation, defense counsel argued that the victims had fabricated their testimony and had “conspire [d] to hurt [defendant] and hurt him in the worst way.”
 

 With respect to the remaining allegations of prosecutorial misconduct, we conclude that the prosecutor did not improperly vouch for the credibility of the prosecution witnesses. Rather, “the prosecutor’s attempts to persuade the jurors as to the credibility of the victim [s] and [their] account [s] constituted fair comment on the evidence . . . and fair response to the summation of defense counsel” (People v Redfield, 144 AD3d 1548, 1550 [2016], lv denied 28 NY3d 1187 [2017]).
 

 Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), and “‘weighing the probative value of the conflicting testimony and the conflicting inferences that could be drawn, while deferring to the jurors’ ability to observe the witnesses and assess their credibility,’ ” we conclude that it was not contrary to the weight of the credible evidence for the jury to determine that defendant committed the charged offenses (People v Tuszynski, 120 AD3d 1568, 1569 [2014], Iv denied 25 NY3d 954 [2015]; see generally People v Bleakley, 69 NY2d 490, 495 [1987]). The jury heard testimony from both victims and from defendant, and the jury was entitled to credit the testimony of the victims, which was amply corroborated by other evidence and was not incredible as a matter of law (see People v Smith, 60 AD3d 1367, 1367 [2009], lv denied 12 NY3d 921 [2009]). Even assuming, arguendo, that a different verdict would not have been unreasonable, we note that “the jury was in the best position to assess the credibility of the witnesses and, on this record, it cannot be said that the jury failed to give the evidence the weight it should be accorded” (People v Carter, 145 AD3d 1567, 1568 [2016] [internal quotation marks omitted]).
 

 Present — Smith, J.P., Peradotto, Lindley, DeJoseph and Winslow, JJ.