People v Crosby (2018 NY Slip Op 00988)





People v Crosby


2018 NY Slip Op 00988


Decided on February 9, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.


147 KA 15-00252

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JERRY CROSBY, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (JOHN J. GILSENAN OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (VICTORIA M. WHITE OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Anthony F. Aloi, J.), rendered November 14, 2014. The judgment convicted defendant, upon a jury verdict, of murder in the second degree (two counts), robbery in the first degree, burglary in the first degree and criminal possession of stolen property in the fifth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts of murder in the second degree (Penal Law § 125.25 [3]), robbery in the first degree (§ 160.15 [1]), burglary in the first degree (§ 140.30 [2]), and criminal possession of stolen property in the fifth degree (§ 165.40). Contrary to defendant's contention, County Court did not err in refusing to suppress his statements to the police. The evidence at the suppression hearing established that, when a police detective was administering the Miranda warnings, defendant said that his lawyer, mother, brother, and sister were on their way to the police station. The detective finished administering the warnings and, without hesitation, defendant said that he understood the warnings and agreed to waive his rights and to speak with the police. We agree with the court that defendant's statement was not an unequivocal request for the assistance of counsel and thus, contrary to defendant's contention, the right to counsel did not attach (see generally People v Grice, 100 NY2d 318, 320-321 [2003]). A request for the assistance of counsel must be unequivocal (see People v Mitchell, 2 NY3d 272, 276 [2004]). " Whether a particular request [for counsel] is or is not unequivocal is a mixed question of law and fact that must be determined with reference to the circumstances surrounding the request including the defendant's demeanor [and] manner of expression[,] and the particular words found to have been used by the defendant' " (People v Barber, 124 AD3d 1312, 1313 [4th Dept 2015], lv dismissed 26 NY3d 965 [2015], quoting People v Glover, 87 NY2d 838, 839 [1995]). Here, defendant did not "adequately apprise[] the police that he had retained an attorney with respect to the matter under investigation and that he wished his attorney to be present during questioning" (People v Ellis, 58 NY2d 748, 750 [1982]; see Mitchell, 2 NY3d at 276; People v Henry, 111 AD3d 1321, 1322 [4th Dept 2013], lv denied 23 NY3d 1021 [2014]).
Defendant contends that the evidence is not legally sufficient to establish that he is guilty of the crimes charged. We reject that contention, and we conclude that the evidence, viewed in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), is legally sufficient to support the conviction. The People presented evidence that intruders forcibly entered the victim's residence and stole a television and coin sets, that the items were forcibly taken from the victim, and that the victim was killed during the robbery and burglary (see Penal Law §§ 125.25 [3]; 140.30 [2]; 160.15 [1]). The People also presented evidence that defendant took part in the crimes. Three fresh droplets of blood that matched defendant were recovered from the victim's residence, including in the area where the television had been removed, and defendant's blood was also found on one of the coin sets that was later recovered from a pawn [*2]broker, who testified that defendant had sold him the coin sets a few days after the homicide. A pawn broker receipt and a coin box matching the coin sets were also recovered from defendant's residences.
Contrary to defendant's further contention, viewing the evidence in light of the elements of murder, robbery, and burglary as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). It is well settled that issues of credibility and the weight to be accorded to the evidence are primarily for the jury's determination (see People v Witherspoon, 66 AD3d 1456, 1457 [4th Dept 2009], lv denied 13 NY3d 942 [2010]), and we perceive no reason to disturb the jury's determination of those issues in this case.
Defendant's contention that the court violated the best evidence rule by allowing a police detective to testify with respect to what defendant said during a videotaped interrogation rather than playing the contents of the videotape for the jury is not preserved for our review (see People v Steinhilber, 133 AD3d 798, 799 [2d Dept 2015], lv denied 27 NY3d 1155 [2016]). In any event, even assuming, arguendo, that the court erred, we conclude that any error was harmless (see People v Haggerty, 23 NY3d 871, 876 [2014]). Defendant's remaining contention that he was denied a fair trial based on prosecutorial misconduct on summation is not preserved for our review (see People v Lewis, 154 AD3d 1329, 1330 [4th Dept 2017]), and we decline to
exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Entered: February 9, 2018
Mark W. Bennett
Clerk of the Court