People v Doty (2018 NY Slip Op 03245)





People v Doty


2018 NY Slip Op 03245


Decided on May 4, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 4, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, CARNI, NEMOYER, AND CURRAN, JJ.


199 KA 15-01890

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CARMEN M. DOTY, DEFENDANT-APPELLANT. 






CARA A. WALDMAN, FAIRPORT, FOR DEFENDANT-APPELLANT.
BROOKS T. BAKER, DISTRICT ATTORNEY, BATH (JOHN C. TUNNEY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Steuben County Court (Joseph W. Latham, J.), rendered September 9, 2015. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the fifth degree and criminal sale of a controlled substance in the fifth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting her upon a jury verdict of criminal possession of a controlled substance in the fifth degree (Penal Law § 220.06 [1]) and criminal sale of a controlled substance in the fifth degree (§ 220.31). Defendant correctly concedes that she failed to preserve for our review her contention that her conviction is not supported by legally sufficient evidence because there was no evidence that the diazepam pills allegedly purchased from her by a confidential informant were a controlled substance (see People v Hines, 97 NY2d 56, 61 [2001], rearg denied 97 NY2d 678 [2001]). In any event, that contention is without merit inasmuch as diazepam is statutorily defined as a controlled substance (see § 220.00 [5]; Public Health Law § 3306 [schedule IV (c) (14)]).
Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's further contention that the verdict is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Contrary to defendant's contention, the testimony of the confidential informant was not incredible as a matter of law (see People v Baker, 30 AD3d 1102, 1102 [4th Dept 2006], lv denied 7 NY3d 846 [2006]; see generally People v Gunter, 109 AD3d 1199, 1200 [4th Dept 2013]).
Although we conclude that the verdict is not against the weight of the evidence, we nonetheless feel compelled to comment on the manner in which the prosecution presented this case to the jury. The prosecutor, in the direct examination of both the law enforcement witnesses and the confidential informant, purposely emphasized the purported "controlled" nature of the purchase by eliciting testimony regarding law enforcement's search of the confidential informant and her vehicle before and after the alleged sale. It was established on cross-examination of the confidential informant, however, that the informant had lived in the same household with defendant for at least a month before the sale occurred and thus had unfettered access thereto, rendering any control by law enforcement illusory. Although on redirect examination the prosecutor did not challenge the informant's testimony that she resided with defendant, on summation the prosecutor continued to rely on the purported controlled nature of the purchase. The prosecutor also elicited law enforcement testimony regarding the confidential informant's actions inside the house, despite the fact that the officers could not have seen those actions, and that testimony was not corroborated by the audio surveillance that purportedly recorded the transaction between defendant and the informant. Such conduct warrants a reminder that prosecutors have a duty to " deal fairly with the accused and be candid with the
courts' " (People v Colon, 13 NY3d 343, 349 [2009], rearg denied 14 NY3d 750 [2010], quoting People v Steadman, 82 NY2d 1, 7 [1993]).
We nevertheless affirm the judgment because there is no evidence that the People were aware of the confidential informant's residency in the same household as defendant prior to the cross-examination of that witness, defense counsel did not raise any objection at trial to the conduct on which we now comment, and it is clear from the record that the pivotal issue of the credibility of the confidential informant was ultimately fully explored by the parties before submission of the case to the jury (cf. id.).
Defendant failed to preserve for our review her contention that the prosecutor engaged in misconduct during summation by making comments regarding the credibility of witnesses (see People v Young, 100 AD3d 1427, 1428 [4th Dept 2012], lv denied 20 NY3d 1105 [2013]). In any event, the specific comments that defendant challenges on appeal constituted fair comment on the evidence and fair response to the summation of defense counsel (see People v Lewis, 154 AD3d 1329, 1331 [4th Dept 2017]). Finally, the sentence is not unduly harsh or severe.
Entered: May 4, 2018
Mark W. Bennett
Clerk of the Court