People v Kaba (2018 NY Slip Op 07861)





People v Kaba


2018 NY Slip Op 07861


Decided on November 16, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, DEJOSEPH, NEMOYER, AND WINSLOW, JJ.


1099 KA 16-01504

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MOHAMED KABA, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (TIMOTHY P. MURPHY OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (JULIE BENDER FISKE OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (M. William Boller, A.J.), rendered July 18, 2016. The judgment convicted defendant, upon a jury verdict, of assault in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of assault in the second degree (Penal Law
§ 120.05 [2]). We reject defendant's contention that the evidence is legally insufficient to disprove his justification defense (see People v Carter, 145 AD3d 1567, 1567 [4th Dept 2016]). The People established that defendant cut the victim with a box cutter during a fight between defendant, the victim, and their respective friends. Although defendant testified that he saw an unknown person, whom he could not describe, holding a "huge blade" or "large knife" and swinging it around, no other witnesses saw anyone with a knife. In addition, defendant testified that the victim did not have a knife and that defendant was not in fear of his life when the victim was on the ground and defendant was slashing him. The People therefore "demonstrate[d] beyond a reasonable doubt that the defendant did not believe deadly force was necessary or that a reasonable person in the same situation would not have perceived that deadly force was necessary" (People v Umali, 10 NY3d 417, 425 [2008], rearg denied 11 NY3d 744 [2008], cert denied 556 US 1110 [2009]). We further conclude that, viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), including the charge on the defense of justification, the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). " [T]he jury was in the best position to assess the credibility of the witnesses and, on this record, it cannot be said that the jury failed to give the evidence the weight it should be accorded' " (People v Kalinowski, 118 AD3d 1434, 1436 [4th Dept 2014], lv denied 23 NY3d 1064 [2014]).
We reject defendant's contention that his right to remain silent was violated and that Supreme Court should have suppressed his statement to the police on that ground. After defendant was arrested and given his Miranda warnings, he invoked his right to remain silent. Defendant was then booked and transported to an area to be held for arraignment. While the transporting officers and defendant were waiting in the lobby, a passing police officer said to the transporting officers, "so you guys got your stabbing suspect?" Defendant responded, "it was not a stabbing, it was a slashing." We conclude that the remark by the officer was not the functional equivalent of interrogation inasmuch as it was not "reasonably likely to elicit a response" (People v Ferro, 63 NY2d 316, 319 [1984], cert denied 472 US 1007 [1985]; see Rhode Island v Innis, 446 US 291, 301-302 [1980]; People v Roberts, 121 AD3d 1530, 1531 [4th Dept 2014], lv denied 24 NY3d 1122 [2015]). In any event, we conclude that any error in refusing to suppress defendant's statement is harmless beyond a reasonable doubt (see People v Hough, 151 AD3d 1591, 1593 [4th Dept 2017], lv denied 30 NY3d 950 [2017]; see generally People v Crimmins, [*2]36 NY2d 230, 237 [1975]). In light of the video evidence depicting the incident at issue, there is no question that defendant was the perpetrator of the assault.
Finally, the sentence is not unduly harsh or severe.
Entered: November 16, 2018
Mark W. Bennett
Clerk of the Court