People v White (2022 NY Slip Op 00783)





People v White


2022 NY Slip Op 00783


Decided on February 4, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 4, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, CURRAN, AND BANNISTER, JJ.


1081 KA 20-00245

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JONATHON WHITE, DEFENDANT-APPELLANT. 






MICHAEL J. STACHOWSKI, P.C., BUFFALO (MICHAEL J. STACHOWSKI OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (DANIEL J. PUNCH OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (Mark A. Montour, J.), rendered January 3, 2020. The judgment convicted defendant upon a jury verdict of attempted murder in the second degree and assault in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]) and assault in the first degree (§ 120.10 [1]) in connection with an incident during which defendant poured gasoline onto the head of his ex-girlfriend and proceeded to light her on fire. Contrary to defendant's contention, viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that the evidence is legally sufficient to establish that defendant had the requisite intent for each count (see People v Gorton, 195 AD3d 1428, 1428 [4th Dept 2021], lv denied 37 NY3d 1027 [2021]).
We likewise reject defendant's contention that Supreme Court erred in denying the requests he made for substitution of counsel in August 2019 and September 2019. Assuming, arguendo, that defendant made "specific factual allegations of serious complaints about counsel," we conclude that the court conducted a sufficient "minimal inquiry" into whether there was "good cause" for substitution (People v Porto, 16 NY3d 93, 100 [2010] [internal quotation marks omitted]; see People v Sides, 75 NY2d 822, 824 [1990]) and thereafter reasonably concluded that defendant's complaints had no merit (see generally People v Larkins, 128 AD3d 1436, 1441 [4th Dept 2015], lv denied 27 NY3d 1001 [2016]; People v Jaramillo, 97 AD3d 1146, 1147 [4th Dept
2012], lv denied 19 NY3d 1026 [2012]).
Entered: February 4, 2022
Ann Dillon Flynn
Clerk of the Court