People v Fulton (2022 NY Slip Op 06376)

People v Fulton

2022 NY Slip Op 06376

Decided on November 10, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 10, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CURRAN, WINSLOW, AND MONTOUR, JJ.

800 KA 18-00564

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
FRANK D. FULTON, DEFENDANT-APPELLANT. 

ERIK TEIFKE, ACTING PUBLIC DEFENDER, ROCHESTER (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MARTIN P. MCCARTHY, II, OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Douglas A. Randall, J.), rendered February 9, 2018. The judgment convicted defendant upon a jury verdict of grand larceny in the fourth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of grand larceny in the fourth degree (Penal Law
§ 155.30 [1]). Contrary to defendant's contention, viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), and affording them the benefit of every favorable inference (see People v Bleakley, 69 NY2d 490, 495 [1987]), we conclude that the evidence is legally sufficient to establish that defendant acted in concert with his two codefendants to steal property. Specifically, based on the evidence that defendant watched the initial stages of the theft and appeared to be acting as a lookout, accompanied a codefendant who left the store with the stolen property, assisted that codefendant in loading the property into a car, and was apprehended in that car with the codefendants and the stolen property, "[t]he jury could reasonably have inferred that, by reason of his conduct, defendant had the requisite intent to commit a larceny" (People v Farmer, 156 AD2d 1003, 1004 [4th Dept 1989], lv denied 75 NY2d 868 [1990]; see People v Strauss, 155 AD3d 1317, 1318 [3d Dept 2017], lv denied 31 NY3d 1122 [2018]; People v Middleton, 151 AD3d 491, 492 [1st Dept 2017], lv denied 29 NY3d 1131 [2017]). Furthermore, viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's additional contention that the verdict is against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
Defendant failed to preserve his contention that County Court should have precluded a mall security guard's testimony under the best evidence rule (see People v Steinhilber, 133 AD3d 798, 799 [2d Dept 2015], lv denied 27 NY3d 1155 [2016]). In any event, that contention lacks merit. The evidence at trial established that the security cameras that the guard used to observe defendant in the parking lot also recorded the incident, but the system later failed, causing the loss of the video that the system made of the event. Thus, because the People introduced the security guard's testimony to establish the events that he observed, which are facts "existing independently of the . . . recording, 'the best evidence rule was inapplicable and the [events] could be testified to by anyone who' " observed them (People v Vernay, 174 AD3d 1485, 1486 [4th Dept 2019]; see People v Lofton, 226 AD2d 1082, 1082 [4th Dept 1996], lv denied 88 NY2d 938 [1996], reconsideration denied 88 NY2d 1022 [1996]).
We reject defendant's further contention that the court erred in refusing to substitute counsel in place of his assigned attorney. A court's duty to consider a motion to substitute counsel is invoked only when a defendant makes a "seemingly serious request[]" for new counsel [*2](People v Porto, 16 NY3d 93, 100 [2010] [internal quotation marks omitted]; see People v Sides, 75 NY2d 822, 824 [1990]). Only where a defendant makes "specific factual allegations of serious complaints about counsel" must the court make a "minimal inquiry" into "the nature of the disagreement or its potential for resolution" (Porto, 16 NY3d at 100 [internal quotation marks omitted]; see People v Gibson, 126 AD3d 1300, 1301-1302 [4th Dept 2015]), and the court is required to substitute counsel only where good cause is shown (see Porto, 16 NY3d at 100; Sides, 75 NY2d at 824; Gibson, 126 AD3d at 1302).
Here, even assuming, arguendo, that defendant made "specific factual allegations of serious complaints about counsel" (People v White, 202 AD3d 1481, 1482 [4th Dept 2022], lv denied 38 NY3d 1036 [2022] [internal quotation marks omitted]), we conclude that the court "conducted the requisite 'minimal inquiry' to determine whether substitution of counsel was warranted" (People v Chess, 162 AD3d 1577, 1579 [4th Dept 2018], lv denied 32 NY3d 936 [2018], quoting Sides, 75 NY2d at 825). The record establishes that the court on several occasions "allowed defendant to air his concerns about defense counsel, and . . . reasonably concluded that defendant's vague and generic objections had no merit or substance" (People v Linares, 2 NY3d 507, 511 [2004]), and "properly concluded that defense counsel was 'reasonably likely to afford . . . defendant effective assistance' of counsel" (People v Bradford, 118 AD3d 1254, 1255 [4th Dept 2014], lv denied 24 NY3d 1082 [2014], quoting People v Medina, 44 NY2d 199, 208 [1978]; see Chess, 162 AD3d at 1579).
Defendant contends that the court was required to replace a juror during deliberations because the juror sent a note to the court and made statements that, according to defendant, suggested that she might have been prejudiced against him. Because "defendant never requested that the juror[] in question be discharged . . . , his current contention in this regard has not been preserved for appellate review" (People v Fernandez, 269 AD2d 167, 167 [1st Dept 2000], lv denied 95 NY2d 796 [2000]; cf. People v Spencer, 29 NY3d 302, 311 n 2 [2017], rearg denied 31 NY3d 1074 [2018]). In any event, there was no basis upon which the court was required to dismiss the sworn juror as "grossly unqualified to serve in the case" (CPL 270.35 [1]). Although the juror initially expressed some concern over her well being, she ultimately assured the court in unequivocal terms that she would be fair and impartial and would follow the court's instructions (see generally People v Buford, 69 NY2d 290, 297-299 [1987]; People v Buchholz, 23 AD3d 1093, 1094 [4th Dept 2005], lv denied 6 NY3d 846 [2006]).
Defendant's contention that he was denied effective assistance of counsel lacks merit. With respect to defendant's claim that defense counsel was ineffective in failing to move to replace the sworn juror in question, defendant " 'failed to establish that defense counsel lacked a legitimate strategy in choosing not to challenge th[e] . . . juror[]' " (People v Carpenter, 187 AD3d 1556, 1557 [4th Dept 2020], lv denied 36 NY3d 970 [2020]; see also People v Maffei, 35 NY3d 264, 273 [2020]). In addition, it is well settled that "[t]here can be no denial of effective assistance of . . . counsel arising from [defense] counsel's failure to 'make a motion or argument that has little or no chance of success' " (People v Caban, 5 NY3d 143, 152 [2005], quoting People v Stultz, 2 NY3d 277, 287 [2004], rearg denied 3 NY3d 702 [2004]) and, for the reasons discussed above, such a motion would have been subject to denial. For the same reason, we reject defendant's claim that counsel was ineffective in failing to move to preclude the security guard's testimony pursuant to the best evidence rule. With respect to defendant's remaining allegations of ineffective assistance of counsel, the record, viewed as a whole, demonstrates that defense counsel provided meaningful representation (see generally People v Baldi, 54 NY2d 137, 147 [1981]).
Entered: November 10, 2022
Ann Dillon Flynn
Clerk of the Court