People v Cain (2024 NY Slip Op 02627)

People v Cain

2024 NY Slip Op 02627

Decided on May 10, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, OGDEN, NOWAK, AND DELCONTE, JJ.

234 KA 21-01595

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DANIEL C. CAIN, DEFENDANT-APPELLANT. 

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT L. KEMP OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (DANIEL J. PUNCH OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Erie County Court (Sheila A. DiTullio, J.), rendered January 28, 2021. The judgment convicted defendant, upon a jury verdict, of attempted murder in the second degree and assault in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]) and assault in the first degree (§ 120.10 [1]). We affirm.
The evidence at trial established that defendant stabbed the victim—his brother—after accusing his girlfriend of cheating on him with the victim. On the night of the incident, the victim came over to the apartment where defendant and his girlfriend lived. Defendant had hidden knives around the apartment prior to the victim's arrival and, after the victim arrived, defendant began arguing with his girlfriend about her alleged cheating and, when the victim tried to intervene, stabbed the victim multiple times. Thereafter, defendant, inter alia, prevented the victim from calling 911 and threatened to hurt himself when his girlfriend and another person present attempted to call 911, before finally calling 911 himself.
Contrary to defendant's contention, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that the evidence is legally sufficient to disprove defendant's justification defense beyond a reasonable doubt (see People v Walker, 168 AD2d 983, 983 [4th Dept 1990], lv denied 77 NY2d 883 [1991]), and to establish that defendant had the requisite intent for each count (see People v White, 202 AD3d 1481, 1482 [4th Dept 2022], lv denied 38 NY3d 1036 [2022]; see also People v Madore, 145 AD3d 1440, 1440 [4th Dept 2016], lv denied 29 NY3d 1034 [2017]; see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Moreover, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), including the charge on the defense of justification, we conclude that the verdict is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495; People v Wolf, 16 AD3d 1167, 1168 [4th Dept 2005]).
Further, we conclude that "[d]efendant's challenge to [County Court's] suppression ruling is academic because the statements that the court refused to suppress were not introduced at trial" (People v Nevins, 16 AD3d 1046, 1048 [4th Dept 2005], lv denied 4 NY3d 889 [2005], cert denied 548 US 911 [2006]).
Finally, defendant's sentence is not unduly harsh or severe.
Entered: May 10, 2024
Ann Dillon Flynn
Clerk of the Court