■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISRAEL NAVARRO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Moskowitz, J.), rendered February 9, 1988, convicting him of murder in the second degree (two counts), upon a jury verdict, and imposing

sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant was convicted of the murder of Jacqueline Fantauzzi, who was stabbed to death in her apartment early in the morning of December 27, 1986. Later that same day, when the defendant was admitted to a hospital for treatment of a wound to his face, a police officer searched his clothing and found jewelry belonging to the victim. The defendant contends that the hearing court erred in denying suppression of the jewelry. He further contends that his statements to the police following his arrest should have been suppressed because, without the evidence provided by the jewelry, the police lacked probable cause to arrest him.

We conclude that the branch of the defendant's motion which was to suppress the jewelry should have been granted. The officer who searched the defendant's clothing in the hospital was aware only that the defendant was a suspect in the murder and did not have probable cause to arrest him. Any reasonable fear the officer may have had for his safety abated once he determined that there were no weapons in the clothing *(see, People v Roth,* 66 NY2d 688; *People v Montero,* 149 AD2d 628). However, we reject the defendant's contention that his arrest by a detective who subsequently arrived at the hospital was unlawful. The record reveals that the detective conducted an investigation at the murder scene and developed sufficient evidence, independent of the jewelry, to establish probable cause for the defendant's arrest *(see, People v White,* 117 AD2d 127; *People v Ortiz,* 103 AD2d 303, *affd* 64 NY2d 997). Even if we were to accept the defendant's argument that the police did not have probable cause for his arrest absent evidence provided by the illegally obtained jewelry, suppression of his statements would not be required. The defendant voluntarily contacted the police three days after his arrest, while he was still recuperating in the hospital, and offered to make a statement, thereby removing any taint from an unlawful arrest *(see, People v Rogers,* 52 NY2d 527, *cert denied* 454 US 898; *People v Martinez,* 37 NY2d 662).

We find that the court's error in permitting the prosecution to introduce evidence of the jewelry at the defendant's trial was harmless beyond a reasonable doubt *(see, People v Crimmins,* 36 NY2d 230). In addition to the defendant's statements in which he admitted that he went to the victim's apartment

to rob her, the victim's sister identified the defendant as the intruder in their apartment that morning, and the defendant's stepdaughter testified that a hunting knife recovered in the victim's apartment belonged to the defendant. The knife had blood stains which were consistent with the victim's blood type.

The defendant was convicted of intentional murder and felony murder. He contends that the court erred in failing to submit manslaughter in the first degree to the jury as a lesser included count of intentional murder *(see, People v Ford,* 66 NY2d 428; *People v Glover,* 57 NY2d 61). We find that there was no reasonable view of the evidence that the defendant intended only to hurt the victim, rather than to kill her *(cf., People v Ford, supra).* Balletta, J. P., Miller, O'Brien and Ritter, JJ., concur.