■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LORETTA PORTER, Appellant.—Judgment unanimously modified

on the law and as modified affirmed, in accordance with the following Memorandum: Defendant appeals from a judgment entered upon a jury verdict convicting her of manslaughter in the first degree and criminal possession of a weapon in the fourth degree as charged in the indictment. Defendant was charged with the stabbing death of her boyfriend following an argument in an apartment they shared. She argues that the People failed to establish that she caused the victim's death, that the court erred in failing to charge the exception to the initial aggressor rule as it relates to the defense of justification *(see,* Penal Law § 35.15 [1] [b]) and that the cross-examination of her by the prosecutor requires reversal. Defendant's first and second contentions have merit.

Dr. Luchette, who treated the victim in the hospital after the incident, testified that the victim recovered nicely following surgery but died four days later from cardiac arrest due to alcohol withdrawal and delirium tremens. Dr. Luchette concluded that a patient without the victim's alcohol dependency would have recovered without difficulty. Although the medical examiner testified on direct examination that the victim died from ventricular fibrillation after multiple stab wounds, on cross-examination he acknowledged that none of the stab wounds was fatal and that physical and emotional injuries, or a seizure disorder unrelated to the stabbing, could have caused the victim's death. Thus, on this record, the People failed to establish beyond a reasonable doubt that defendant's actions were a sufficiently direct cause of the victim's death *(see, Matter of Anthony M.,* 63 NY2d 270, 280; *People v McCart,* 157 AD2d 194, 197, *lv denied* 76 NY2d 861), or that they "forged a link in the chain of causes which actually brought about the death" *(People v Stewart,* 40 NY2d 692, 697). Rather, the People established only a "merely probable connection" between defendant's actions and the victim's death which requires dismissal of the manslaughter charge *(People v Brengard,* 265 NY 100, 108).

Defendant also correctly contends that the court should have charged that, even if she was the initial aggressor, she nevertheless was entitled to rely upon the justification defense because the evidence, reasonably viewed in the light most favorable to her *(see, People v Padgett,* 60 NY2d 142, 144-145), established that she withdrew from the encounter and effectively communicated such withdrawal to the victim, who persisted in continuing the incident by following defendant into the kitchen. Justification, however, is not a defense to the charge of criminal possession of a weapon in the fourth degree

*(see, People v Almodovar,* 62 NY2d 126, 129-131; *People v Chatman,* 122 AD2d 148, 150).

Accordingly, the judgment must be modified by reversing defendant's conviction for manslaughter in the first degree, vacating the sentence imposed thereon and dismissing that count of the indictment *(see, People v Mayo,* 48 NY2d 245, 249, 253), and otherwise affirming defendant's conviction for criminal possession of a weapon in the fourth degree and the sentence imposed thereon *(see,* CPL 470.20 [3]). (Appeal from Judgment of Supreme Court, Erie County, Wolfgang, J.—Manslaughter, 1st Degree.) Present—Doerr, J. P., Denman, Boomer, Green and Davis, JJ.