■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALLACE BENSON, Appellant. [697 NYS2d 222] —Judgment unanimously modified on the law and as modified affirmed and matter remitted to Erie County Court for sentencing in accordance with the following Memorandum: Defendant was convicted upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1]), attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]), assault in the first degree (Penal Law § 120.10 [1]) and two counts of criminal possession of a weapon in the second degree (Penal Law § 265.03). Contrary to defendant's contention, reversal is not required based on County Court's failure to make a minimal inquiry after defendant moved for substitution of counsel. The conclusory assertions of defendant that counsel failed to visit him frequently in jail or return his calls did not "suggest a serious possibility of good cause for substitution" (*People v Frayer,* 215

AD2d 862, 863, *lv denied* 86 NY2d 794; *see, People v Gerald,* 195 AD2d 1078, *lv denied* 82 NY2d 718), and "defendant had ample opportunity in subsequent appearances before County Court to voice any [continuing] complaint he may have had with counsel's representation" (*People v Frayer, supra,* at 863-864).

We agree with defendant that the court, upon giving a justification charge, erred in refusing to charge that, under specified circumstances, one who was an initial aggressor may use deadly physical force in self-defense (*see,* Penal Law § 35.15 [1] [b]; [2] [a]; *see, e.g., People v Simmons,* 206 AD2d 550, 553; *People v Porter,* 177 AD2d 1001, 1002, *lv denied* 79 NY2d 862; *cf., People v Ross,* 197 AD2d 713, 714). The error is harmless, however, because defendant was not entitled to a justification charge in the first instance (*see, People v Mattice,* 140 AD2d 978, *lv denied* 72 NY2d 921). Viewed in the light most favorable to defendant (*see, People v Watts,* 57 NY2d 299, 301), the evidence establishes that defendant discharged a shotgun into the face of his 15-year-old niece, seriously wounding her, and the equivocal evidence that she may have had a knife sometime during the dispute is insufficient to support the conclusion that defendant believed she was "using or about to use deadly physical force" upon him (Penal Law § 35.15 [2] [a]; *see, People v Watts, supra,* at 302). There was no evidence that defendant's 16-year-old nephew was armed when defendant pursued and killed him by discharging the shotgun into his head at close range. Under such circumstances, the defense of justification was unavailable (*see, People v Vecchio,* 240 AD2d 854; *see also, People v Ross, supra*).

There is likewise no merit to the contention that the court erred in refusing defendant's request to charge manslaughter in the first degree (Penal Law § 125.20 [1]) and manslaughter in the second degree (Penal Law § 125.15 [1]) as lesser included offenses of intentional murder in the second degree (Penal Law § 125.25 [1]). There is no reasonable view of the evidence that defendant intended only to hurt rather than to kill his nephew (*see, People v Navarro,* 176 AD2d 274, 276, *lv denied* 79 NY2d 861) or recklessly caused his nephew's death (*see, People v Sapp,* 163 AD2d 835, *lv denied* 76 NY2d 990).

At the close of the People's case, the court refused to admit in evidence certain hospital records reflecting defendant's psychiatric history on the ground that defendant had withdrawn his notice of intent to present psychiatric evidence (*see,* CPL 250.10). Because defendant contended only that the records were not "psychiatric evidence" subject to the notice require-

ment, he failed to preserve for our review his present contention that the failure to admit the records deprived him of the right to the affirmative defense of extreme emotional disturbance (see, CPL 250.10 [1] [b]; cf., People v Berk, 88 NY2d 257, 265-266, cert denied 519 US 859), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see, CPL 470.15 [6] [a]). In addition, the record "establishes that the annotated verdict sheet was submitted to the jury with defendant's consent and, accordingly, no error in its submission occurred" (People v Angelo, 88 NY2d 217, 224).

The sentence is not unduly harsh or severe. The court's failure to sentence defendant with respect to one of the two counts of criminal possession of a weapon does not require dismissal of that count of the indictment for lack of jurisdiction (see, People v Bryan, 231 AD2d 957, lv denied 89 NY2d 862; cf., People v Drake, 61 NY2d 359). We therefore modify the judgment by vacating the sentence imposed on the one count of criminal possession of a weapon in the second degree, and we remit the matter to Erie County Court for sentencing on the two counts of criminal possession of a weapon in the second degree. We further note that the certificate of conviction omits defendant's conviction of assault and should be corrected. (Appeal from Judgment of Erie County Court, D'Amico, J.—Murder, 2nd Degree.) Present—Green, J. P., Lawton, Pigott, Jr., Scudder and Balio, JJ.