■ The People of the State of New York, Respondent, v Ronald White, Appellant. [732 NYS2d 316] —Judgment unanimously modified on the law and as modified affirmed and matter remitted to Erie County Court for resentencing in accordance with the following Memorandum: Defendant appeals from a judgment convicting him after a jury trial of burglary in the second degree (Penal Law § 140.25 [2]) and criminal possession of stolen property in the fifth degree (Penal Law § 165.40). Contrary to defendant's contentions, the evidence is legally sufficient to support the burglary conviction and the verdict is not against the weight of the evidence with respect to that conviction (*see, People v Bleakley*, 69 NY2d 490, 495). Defendant further contends that he was deprived of a fair trial by prosecutorial misconduct. Most of the instances of alleged misconduct are not preserved for our review (*see, People v Medina*, 53 NY2d 951, 953; *People v Albert*, 222 AD2d 1005, *lv denied* 88 NY2d 844, 979), and we decline to exercise our power to review them as a matter of discretion in the interest of justice (*see*, CPL 470.15 [6] [a]). Those instances of alleged misconduct that are preserved for our review were either fair comment on the evidence (*see, People v Erwin*, 236 AD2d 787, *lv denied* 89 NY2d 1011) or not so egregious as to deprive defendant of a fair trial (*see, People v Lewis*, 277 AD2d 1022, 1023, *lv denied* 96 NY2d 802).

Defendant further contends that County Court erred in denying his request for substitution of counsel at sentencing. We agree. Defense counsel advised the court at sentencing that he had been unable to communicate with defendant to explore possible legal challenges to defendant's prior felony conviction due to a "disintegration of the attorney-client relationship." The court should have granted defendant's request based upon the remarks of defense counsel (*cf., People v Medina*, 44 NY2d 199, 207-209; *see generally, People v Sides*, 75 NY2d 822, 824-825). Thus, we modify the judgment by vacating the sentence, and we remit the matter to Erie County Court for resentencing after the appointment of new counsel. (Appeal from Judgment of Erie County Court, Rogowski, J.—Burglary, 2nd Degree.) Present—Pine, J. P., Hurlbutt, Scudder, Kehoe and Gorski, JJ.