■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICIO LINARES, Appellant. [755 NYS2d 380] —Judgment, Supreme Court, New York County (Marcy Kahn, J., at suppression hearing and denial of request for substitution of counsel; Herbert Altman, J., at jury trial, sentence and reconstruction hearing), rendered April 30, 1998, convicting defendant of two counts of criminal sale of a controlled substance in the second degree, and sentencing him, as a second felony offender, to concurrent terms of 12 years to life, unanimously affirmed.

The court properly exercised its discretion when it denied defendant's request to substitute counsel since defendant failed to demonstrate good cause for such substitution (*see People v Sides*, 75 NY2d 822, 824). Accordingly, there was no deprivation of defendant's right to counsel. Defendant's purported loss of confidence in, and inability to communicate with, his fully competent assigned attorney stemmed from his displeasure with counsel's recommendations that he plead guilty and that he seek to cooperate with the police. This did not constitute sufficient cause for substitution of counsel (*People v Schojan*, 272 AD2d 932, 933, *lv denied* 95 NY2d 871; *People v Estwick*, 266 AD2d 123, *lv denied* 94 NY2d 918). Defendant was not entitled to substitution on the ground of an asserted conflict of interest following defendant's threat to injure his attorney. In the first place, any such conflict was of defendant's own making, and a defendant should not be permitted to circumvent the good cause requirement by creating a conflict (*see Mathis v Hood*, 937 F2d 790, 796). Furthermore, counsel clearly stated that he could continue to represent defendant effectively de-

spite the threats and there is no indication that the alleged conflict had any adverse affect (*see Cuyler v Sullivan*, 446 US 335, 348-350). Defendant's threat necessitated limited and reasonable courtroom security measures that had no impact on his ability to communicate with counsel.

Even after reconstruction proceedings, defendant has failed to provide an adequate record upon which to review his claim that he was denied the right to be present during the trial court's colloquy with counsel regarding counsel's ability to continue to represent defendant despite his concerns about his safety, and the security measures to be employed at trial (*see People v Kinchen*, 60 NY2d 772, 773-774). In any event, were we to review this claim, we would find no basis for reversal.

We perceive no basis for reducing the sentence. Concur—Andrias, J.P., Sullivan, Rosenberger, Friedman and Gonzalez, JJ.