# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**77**

**KA 09-00395**

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, SCONIERS, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                      MEMORANDUM AND ORDER

JIMMY W. GIBSON, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DREW R. DUBRIN OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (ROBERT SHOEMAKER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered November 25, 2008. The judgment convicted defendant, upon a jury verdict, of attempted murder in the second degree and assault in the first degree.

It is hereby ORDERED that the judgment so appealed from is reversed on the law and a new trial is granted.

Memorandum: On appeal from a judgment convicting him following a jury trial of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]) and assault in the first degree (§ 120.10 [1]), defendant contends that Supreme Court abused its discretion in denying his request for assignment of new counsel. We agree, and we therefore reverse the judgment and grant a new trial.

Defendant requested new counsel in a letter he sent to the court approximately one month prior to trial, and two weeks later defense counsel himself moved to withdraw as assigned counsel. Defense counsel stated in his letter-motion that he was "unable to communicate effectively" with defendant and that he could therefore no longer represent him. At the next court appearance, which was ten days before trial, defendant specifically outlined his grievances against defense counsel and stated that he could not communicate with him. The court then turned to defense counsel, who stated that his most recent meeting with defendant was "rather antagonistic" and that he too believed that there had been an irreparable breakdown in the attorney-client relationship. Defense counsel described his motion to withdraw as a "drastic measure," noting that he had never before made such a request. In denying defendant's request for new counsel and defense counsel's motion to be relieved of the assignment, the court stated, inter alia, that a lack of communication between a defendant and his attorney does not constitute good cause for appointment of

substitute counsel, "[e]specially when there may be some indication that lack of communication was initiated or promoted by the defendant as opposed to defense counsel."

The determination "[w]hether counsel is substituted is within the discretion and responsibility of the trial judge . . . , and a court's duty to consider such a motion is invoked only where a defendant makes a seemingly serious request[]" (*People v Porto*, 16 NY3d 93, 99-100 [internal quotation marks omitted]; *see People v Sides*, 75 NY2d 822, 824; *People v Medina*, 44 NY2d 199, 207).  Thus, where a defendant makes "specific factual allegations" against defense counsel (*Porto*, 16 NY3d at 100), the court must make at least "some minimal inquiry" to determine whether the defendant's claims are meritorious (*Sides*, 75 NY2d at 825; *see People v Smith*, 18 NY3d 588, 592-593).  Upon conducting that inquiry, "counsel may be substituted only where 'good cause' is shown" (*Porto*, 16 NY3d at 100; *see People v Linares*, 2 NY3d 507, 510).

Here, the court erred in determining that a breakdown in communication between attorney and client cannot constitute good cause for substitution of counsel.  Although the mere complaint by a defendant that communications have broken down between him and his lawyer is not, by itself, good cause for a change in counsel (*see People v Faeth*, 107 AD3d 1426, 1427, *lv denied* 21 NY3d 1073), where a complete breakdown has been established, substitution is required (*see Sides*, 75 NY2d at 824-825; *People v White*, 288 AD2d 839, 839, *lv denied* 97 NY2d 689).  Here, both defendant and defense counsel agreed that they were unable to communicate, and nothing said by either of them during the court's lengthy inquiry indicated otherwise.

We conclude that the court also erred in suggesting that any breakdown in communication was "initiated or promoted by the defendant as opposed to defense counsel."  That conclusion is not supported by the record, which shows that the breakdown in communication resulted from legitimate concerns defendant had about defense counsel's performance.  For instance, it is undisputed that defendant, who was facing a maximum sentence of 25 years in prison, had not been informed by defense counsel whether there were any plea offers in his case, notwithstanding that the trial was impending.  In addition, defense counsel met with defendant only sporadically and had not yet discussed with him what defense strategy he intended to pursue against the charges.  Defendant also informed the court without contradiction that defense counsel refused to return or take phone calls from defendant's wife and failed to provide him with a copy of certain motion papers that defendant had repeatedly requested.  Under the circumstances, we cannot conclude that the breakdown in the attorney-client relationship was initiated by unreasonable demands or unrealistic expectations from defendant.

Finally, with respect to our dissenting colleague's assertion that a defendant's complaints of infrequent contact with his or her attorney do not constitute good cause for substitution, we note that the cases cited for authority refer to "vague" (*People v MacLean*, 48 AD3d 1215, 1217, *lv denied* 10 NY3d 866, *reconsideration denied* 11 NY3d

790) and "conclusory" (*People v Benson*, 265 AD2d 814, 814, *lv denied* 94 NY2d 860, *cert denied* 529 US 1076), assertions of infrequent contact.  Here, in contrast, defendant's complaints of infrequent contact were specific and supported by the record.  In any event, defendant's request for substitution of counsel was not based solely on complaints of infrequent contact with his attorney; as noted, the motion was based primarily on the undisputed breakdown in communication between defendant and his attorney.

All concur except DEJOSEPH, J., who dissents and votes to affirm in the following memorandum:  I respectfully dissent.  In my view, Supreme Court did not abuse its discretion in denying defendant's request for substitution of defense counsel inasmuch as there was no good cause for substitution (*see People v Porto*, 16 NY3d 93, 99-100; *People v Linares*, 2 NY3d 507, 510; *People v Sides*, 75 NY2d 822, 824). Therefore, I would affirm.

At the outset, I note that the court conducted an extensive inquiry into defendant's allegations (*see People v Smith*, 18 NY3d 588, 592-593; *cf. Sides*, 75 NY2d at 825), which went beyond its "minimal inquiry" obligation (*Sides*, 75 NY2d at 825; *see People v Faeth*, 107 AD3d 1426, 1427, *lv denied* 21 NY3d 1073).

Defendant based his allegation of a breakdown in communication with defense counsel largely on complaints of infrequent contact. Such complaints, however, do not constitute good cause for substitution (*see People v MacLean*, 48 AD3d 1215, 1217, *lv denied* 10 NY3d 866, *reconsideration denied* 11 NY3d 790; *People v Benson*, 265 AD2d 814, 814-815, *lv denied* 94 NY2d 860, *cert denied* 529 US 1076). Defendant also asserted that there had been a breakdown in communication inasmuch as defense counsel had failed to provide him with motion papers or to inform him whether any plea offers had been made.  Based on my examination of the record, I conclude that defendant's assertions " 'do not suggest a serious possibility of good cause for substitution' " (*People v Moore*, 41 AD3d 1149, 1150, *lv denied* 9 NY3d 879, *reconsideration denied* 9 NY3d 992; *see generally People v Torres*, 14 AD3d 801, 803, *lv denied* 4 NY3d 836).  Defendant's remaining assertions concerning the alleged breakdown in communication were conclusory and, thus, insufficient to establish good cause (*see People v Thagard*, 28 AD3d 1097, 1098, *lv denied* 7 NY3d 795).

Overall, in my view, even when defense counsel has moved for substitution indicating that he is "unable to communicate effectively with [defendant]," the court does not abuse its discretion in denying substitution where the breakdown in communication was owing to defendant's uncooperative attitude and defense counsel has conducted an otherwise effective defense (*see People v Jessup*, 266 AD2d 313, 313-314, *lv denied* 94 NY2d 921; *see generally People v Johnson*, 292 AD2d 871, 871-872, *lv denied* 98 NY2d 652).

Entered:  March 20, 2015                          Frances E. Cafarell
                                                  Clerk of the Court