People v Tatum (2022 NY Slip Op 02659)

People v Tatum

2022 NY Slip Op 02659

Decided on April 22, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 22, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CENTRA, AND PERADOTTO, JJ.

110 KA 18-01270

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TYRAE TATUM, DEFENDANT-APPELLANT. 

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (SARA A. GOLDFARB OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JESSICA N. CARBONE OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Onondaga County Court (Stephen J. Dougherty, J.), rendered April 23, 2018. The judgment convicted defendant upon a jury verdict of murder in the second degree, assault in the second degree, criminal possession of a weapon in the second degree (four counts) and attempted assault in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, murder in the second degree (Penal Law § 125.25 [1]), arising from a series of incidents in which shots were fired at several people from the passenger side of a moving vehicle, injuring one person and killing another. The person identified as the shooter is a member of a gang, and the shootings took place in a rival gang's territory. Defendant was apprehended driving the relevant vehicle shortly after the shooting.
On appeal, defendant contends that County Court erred in refusing to substitute counsel in place of his assigned attorney. We reject that contention.
Defendant initially contends that the court failed to conduct the requisite minimal inquiry into his complaints regarding his attorney. It is well settled that "[w]hether counsel is substituted is within the 'discretion and responsibility' of the trial judge . . . , and a court's duty to consider such a motion is invoked only where a defendant makes a 'seemingly serious request[]' " for substitution (People v Porto, 16 NY3d 93, 99-100 [2010]; see People v Sides, 75 NY2d 822, 824 [1990]; People v Gibson, 126 AD3d 1300, 1301 [4th Dept 2015]). Thus, where a defendant makes "specific factual allegations of 'serious complaints about counsel' " (Porto, 16 NY3d at 100; see Gibson, 126 AD3d at 1301-1302), "the court must make at least 'some minimal inquiry' to determine whether the defendant's claims are meritorious" (Gibson, 126 AD3d at 1302). Upon conducting that inquiry, the court may substitute counsel where good cause is shown (see Porto, 16 NY3d at 100; Sides, 75 NY2d at 824; Gibson, 126 AD3d at 1302).
Here, defendant's requests for substitution of counsel were based on conclusory assertions that defense counsel was ineffective, was not adequately presenting defendant's points, and had not spoken to defendant often enough about the case. Those assertions were insufficient to require a further inquiry by the court (see People v Barnes, 156 AD3d 1417, 1418 [4th Dept 2017], lv denied 31 NY3d 1078 [2018]; People v Lewicki, 118 AD3d 1328, 1329 [4th Dept 2014], lv denied 23 NY3d 1064 [2014]; People v Benson, 265 AD2d 814, 814-815 [4th Dept 1999], lv denied 94 NY2d 860 [1999], cert denied 529 US 1076 [2000]). Even assuming, arguendo, that a further inquiry was required, we nevertheless conclude that the court made a sufficient inquiry into defendant's complaints, including those concerning the alleged lack of communication between defendant and defense counsel. The court "repeatedly allowed defendant to air his concerns about defense counsel, and after listening to them reasonably [*2]concluded that defendant's vague and generic objections had no merit or substance" (People v Linares, 2 NY3d 507, 511 [2004]), rather they were merely generic complaints concerning strategy or lack of communication with defense counsel (see Barnes, 156 AD3d at 1418; People v Larkins, 128 AD3d 1436, 1441 [4th Dept 2015], lv denied 27 NY3d 1001 [2016]).
Defendant further contends that the court erred in permitting the People to introduce certain evidence from which the jury could conclude that he was a member of a gang. We reject that contention. It is well settled that "[e]vidence of a defendant's prior bad acts may be admissible when it is relevant to a material issue in the case other than defendant's criminal propensity" (People v Dorm, 12 NY3d 16, 19 [2009]; see People v Bailey, 32 NY3d 70, 83 [2018]), and "[e]vidence regarding gang activity can be admitted to provide necessary background, or when it is inextricably interwoven with the charged crimes, or to explain the relationships of the individuals involved" (People v Kims, 24 NY3d 422, 438 [2014] [internal quotation marks omitted]; see Bailey, 32 NY3d at 83). Here, the evidence at issue was admissible to establish motive for the shootings and defendant's relationship with the shooter, and as part of the chain of circumstantial evidence connecting defendant to the crimes. Consequently, the court did not abuse its discretion in concluding that the probative value of the relevant evidence outweighed the potential for undue prejudice (see Bailey, 32 NY3d at 83; People v Hilts, 187 AD3d 1408, 1414-1415 [3d Dept 2020], lv denied 36 NY3d 973 [2020]; People v Polk, 84 AD2d 943, 945 [4th Dept 1981]). Moreover, "the court's prompt limiting instruction [and subsequent final instruction] ameliorated any prejudice" (People v Emmons, 192 AD3d 1658, 1659 [4th Dept 2021], lv denied 37 NY3d 992 [2021]; see People v Gomez, 153 AD3d 724, 725 [2d Dept 2017], lv denied 30 NY3d 1060 [2017]; see generally People v Davis, 58 NY2d 1102, 1104 [1983]).
Finally, contrary to defendant's contention, the sentence is not unduly harsh or severe.
Entered: April 22, 2022
Ann Dillon Flynn
Clerk of the Court