People v Jackson (2023 NY Slip Op 03609)

People v Jackson

2023 NY Slip Op 03609

Decided on June 30, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 30, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, MONTOUR, OGDEN, AND GREENWOOD, JJ.

390 KA 19-00963

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MICHAEL JACKSON, DEFENDANT-APPELLANT. 

ERIK TEIFKE, ACTING PUBLIC DEFENDER, ROCHESTER (CLEA WEISS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (KAYLAN C. PORTER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Thomas E. Moran, J.), rendered March 25, 2019. The judgment convicted defendant upon a jury verdict of criminal possession of stolen property in the third degree, criminal possession of stolen property in the fourth degree, unauthorized use of a vehicle in the third degree and endangering the welfare of a child. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law and a new trial is granted.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of stolen property in the third degree (Penal Law § 165.50), criminal possession of stolen property in the fourth degree (§ 165.45 [5]), unauthorized use of a vehicle in the third degree (§ 165.05 [1]), and endangering the welfare of a child (§ 260.10 [1]).
Viewing the evidence in light of the elements of the criminal possession counts as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's contention that the verdict with respect to those counts is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
We agree with defendant, however, that Supreme Court violated his right to counsel when it failed to conduct a sufficient inquiry into defendant's complaint that his assigned counsel accepted payment from his family. "Under our State and Federal Constitutions, an indigent defendant in a criminal case is guaranteed the right to counsel" (People v Medina, 44 NY2d 199, 207 [1978]; see US Const 6th Amend; NY Const, art I, § 6; People v Linares, 2 NY3d 507, 510 [2004]). Consistent with that guarantee, trial courts have the "ongoing duty" to " 'carefully evaluate serious complaints about counsel' " (Linares, 2 NY3d at 510, quoting Medina, 44 NY2d at 207; see People v Sides, 75 NY2d 822, 824 [1990]).
"Whether counsel is substituted is within the 'discretion and responsibility' of the trial judge . . . , and a court's duty to consider such a motion is invoked only where a defendant makes a 'seemingly serious request[]' " (People v Porto, 16 NY3d 93, 99-100 [2010]). "[I]t is incumbent upon a defendant to make specific factual allegations of 'serious complaints about counsel' " (id. at 100; see People v Gibson, 126 AD3d 1300, 1301-1302 [4th Dept 2015]). If such a showing is made, "the court must make at least some minimal inquiry to determine whether the defendant's claims are meritorious" (People v Tatum, 204 AD3d 1400, 1401 [4th Dept 2022], lv denied 38 NY3d 1074 [2022]; see Porto, 16 NY3d at 100).
Here, defendant sent a letter to the court alleging, inter alia, that his assigned counsel was being paid by his family, which is a serious complaint involving unethical and illegal conduct (see generally County Law § 722-b [4]). Although the court began to engage defense counsel in [*2]a discussion concerning defendant's letter, before defense counsel was able to address the concerns raised by defendant in the letter, the court interjected and said, "You are going to represent [defendant] at trial." The court then addressed defendant directly and concluded its comments to him by stating, inter alia, "You are not going to get another attorney." At no time did the court make any inquiry into defendant's allegation that his family had paid defense counsel to represent him. Under the circumstances here, we conclude that the court violated defendant's right to counsel by failing to make a minimal inquiry concerning his serious complaint (see generally Sides, 75 NY2d at 825).
Contrary to the People's assertion, we cannot conclude on this record that defendant abandoned his request for new counsel (cf. People v Molina, 208 AD3d 1641, 1642-1643 [4th Dept 2022], lv denied 39 NY3d 964 [2022]; see also People v Rodriguez, 46 AD3d 396, 397 [1st Dept 2007], lv denied 10 NY3d 844 [2008]; see generally People v Mezon, 80 NY2d 155, 161 [1992]).
We therefore reverse the judgment and grant a new trial (see Gibson, 126 AD3d at 1301; People v Bryan, 31 AD3d 295, 295 [1st Dept 2006]). In light of our determination, we do not address defendant's remaining contentions.
Entered: June 30, 2023
Ann Dillon Flynn
Clerk of the Court