People v Smith (2024 NY Slip Op 03281)

People v Smith

2024 NY Slip Op 03281

Decided on June 14, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 14, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, OGDEN, KEANE, AND HANNAH, JJ.

355 KA 18-01760

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MARK A. SMITH, DEFENDANT-APPELLANT. 

SARAH S. HOLT, CONFLICT DEFENDER, ROCHESTER (STEFANIE M. STARE OF COUNSEL), FOR DEFENDANT-APPELLANT.
MARK A. SMITH, DEFENDANT-APPELLANT PRO SE.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (AMY N. WALENDZIAK OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Christopher S. Ciaccio, J.), rendered May 9, 2018. The judgment convicted defendant, upon a jury verdict, of robbery in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of robbery in the first degree (Penal Law § 160.15 [4]), arising from allegations that he forcibly stole property from a victim at a hair salon. Defendant contends in his main brief that the conviction is not supported by legally sufficient evidence and that the verdict is against the weight of the evidence. Defendant's contention regarding the legal sufficiency of the evidence is preserved only in part (see People v Gray, 86 NY2d 10, 19 [1995]) and, in any event, is without merit (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495). Even assuming, arguendo, that a different verdict would not have been unreasonable, we cannot conclude that the jurors "failed to give the evidence the weight it should be accorded" (People v Albert, 129 AD3d 1652, 1653 [4th Dept 2015], lv denied 27 NY3d 990 [2016]).
We reject defendant's contention in his main and pro se supplemental briefs that County Court erred in refusing to suppress evidence obtained as the result of an arrest that was made without probable cause. Contrary to defendant's contention, the court properly determined that his warrantless arrest was supported by probable cause, which was established by, inter alia, hearsay information provided by a citizen informant. Here, the information provided by the informant satisfied both prongs of the Aguilar-Spinelli test. First, the informant was an identified citizen and thus is "presumed to be reliable" (People v Bartholomew, 132 AD3d 1279, 1280 [4th Dept 2015]). Second, the statements of the informant were based upon "[her] conversation with defendant" and were corroborated by the information obtained by the police as part of their investigation (People v Gefell, 227 AD2d 973, 974 [4th Dept 1996]).
We reject the contention of defendant in his main brief that he was denied effective assistance of counsel (see generally People v Baldi, 54 NY2d 137, 147 [1981]). " '[I]t is incumbent on defendant to demonstrate the absence of strategic or other legitimate explanations' for [defense] counsel's alleged shortcomings" (People v Benevento, 91 NY2d 708, 712 [1998], quoting People v Rivera, 71 NY2d 705, 709 [1988]) and, here, defendant failed to meet that burden.
Defendant further contends in his main brief that the court erred in admitting in evidence testimony that defendant planned to commit another similar crime. Initially, we conclude that the testimony in question does not constitute Molineux evidence, and we note that the fact "[t]hat the People classified it as Molineux evidence, and the trial court considered it on that basis, does not prevent us from concluding it was not, because the parties' arguments . . . regarding the probative value of the [evidence] and its prejudicial effect would remain the same" (People v Frumusa, 29 NY3d 364, 370 [2017]; see People v Hart, 225 AD3d 1158, 1160 [4th Dept 2024]). We further conclude, however, that any error in the admission of the testimony in question is harmless because "the proof of [defendant's] guilt was overwhelming . . . and . . . there was no significant probability that the jury would have acquitted [him] had [such testimony] not been introduced" (People v Torres, 217 AD3d 1585, 1586 [4th Dept 2023], lv denied 40 NY3d 999 [2023] [internal quotation marks omitted]).
We reject defendant's further contention in his main brief that the court failed to conduct a sufficient inquiry into his complaints about defense counsel. Only where a defendant makes "specific factual allegations of serious complaints about counsel" must the court make a "minimal inquiry" into "the nature of the disagreement or its potential for resolution" (People v Porto, 16 NY3d 93, 100 [2010] [internal quotation marks omitted]; see People v Gibson, 126 AD3d 1300, 1301-1302 [4th Dept 2015]), and the court is required to substitute counsel only where good cause is shown (see Porto, 16 NY3d at 100; People v Sides, 75 NY2d 822, 824 [1990]; Gibson, 126 AD3d at 1302). Here, although defendant did not make a specific request for new counsel, we conclude, even assuming, arguendo, that defendant made "specific factual allegations of serious complaints about counsel" (Porto, 16 NY3d at 100 [internal quotation marks omitted]), that the court nevertheless "conducted the requisite 'minimal inquiry' to determine whether substitution of counsel was warranted" (People v Chess, 162 AD3d 1577, 1579 [4th Dept 2018], lv denied 32 NY3d 936 [2018], quoting Sides, 75 NY2d at 825). The court "allowed defendant to air his concerns about defense counsel, and . . . reasonably concluded that defendant's vague and generic objections had no merit or substance" (People v Fulton, 210 AD3d 1436, 1438 [4th Dept 2022], lv denied 39 NY3d 1154 [2023]).
Defendant also contends in his main brief that the court erred in denying his request to charge the jury on the statutory affirmative defense to robbery in the first degree, to which a defendant is entitled if the object displayed "was not a loaded weapon from which a shot, readily capable of producing death or other serious physical injury, could be discharged" (Penal Law § 160.15 [4]; see generally People v Lopez, 73 NY2d 214, 219 [1989]). We reject that contention. "A defendant is entitled to a charge on the affirmative defense to robbery in the first degree when there is presented sufficient evidence for the jury to find by a preponderance of the evidence that the elements of the defense are satisfied, i.e., that the object displayed was not a loaded weapon capable of producing death or other serious physical injury" (People v Gilliard, 72 NY2d 877, 878 [1988]). Here, the People's theory of the case was that defendant displayed a BB gun during the incident. Under the circumstances of this case, we conclude "there is no reasonable interpretation of the evidence, even when viewed in the light most favorable to defendant, that the BB gun allegedly displayed was unloaded or inoperable, and the court therefore properly denied defendant's request to charge the affirmative defense" (People v Akinlawon, 158 AD3d 1245, 1247 [4th Dept 2018], lv denied 31 NY3d 1114 [2018]). We decline defendant's request that we revisit our decision in Akinlawon.
Defendant failed to preserve for our review his contention in his pro se supplemental brief that the People committed a violation of their Rosario or Brady obligations, and we decline to exercise our power to review defendant's contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
We have considered the remaining contentions in defendant's main and pro se supplemental briefs and conclude that they do not warrant modification or reversal of the judgment.
Entered: June 14, 2024
Ann Dillon Flynn
Clerk of the Court