People v Williams (2025 NY Slip Op 00741)

People v Williams

2025 NY Slip Op 00741

Decided on February 7, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 7, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, GREENWOOD, DELCONTE, AND KEANE, JJ.

47 KA 23-01885

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TEDURELL A. WILLIAMS, DEFENDANT-APPELLANT. 

ANDREW D. CORREIA, PUBLIC DEFENDER, LYONS, EASTON THOMPSON KASPEREK SHIFFRIN LLP, ROCHESTER (BRIAN SHIFFRIN OF COUNSEL), FOR DEFENDANT-APPELLANT.
CHRISTINE K. CALLANAN, ACTING DISTRICT ATTORNEY, LYONS (CATHERINE A. MENIKOTZ OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Wayne County Court (Arthur B. Williams, J.), rendered October 24, 2023. The judgment convicted defendant upon a jury verdict of burglary in the second degree and criminal contempt in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon a jury verdict of burglary in the second degree (Penal Law § 140.25 [2]) and criminal contempt in the first degree (§ 215.51 [b] [v]), defendant contends that County Court erred in denying his motion to dismiss the indictment on the ground that he was denied his right to testify before the grand jury. We reject that contention. Although "the right to testify before a grand jury is significant and must be scrupulously protected . . . , a prospective defendant has no constitutional right to testify before the [g]rand [j]ury" (People v Hogan, 26 NY3d 779, 786 [2016] [internal quotation marks omitted]; see also People v Gannon, 174 AD3d 1054, 1055-1056 [3d Dept 2019], lv denied 34 NY3d 980 [2019]). A defendant bears the burden of establishing that their rights pursuant to CPL 190.50 were violated (see People v Fleming, 196 AD2d 551, 551 [2d Dept 1993], lv denied 82 NY2d 805 [1993]; see also People v Welch, 2 AD3d 1354, 1356 [4th Dept 2003], lv denied 2 NY3d 747 [2004]).
In his motion, defendant acknowledged that a letter in the People's file indicated both that notice of the grand jury date had been sent to defendant in jail and that a copy of the letter had been sent to defense counsel. Defendant contended, however, that defense counsel could not find the letter in his own file and that the notice was "possibly erroneous" because defendant "may have been" in a different jail at the time that the letter was sent. That was insufficient to meet defendant's burden (see Fleming, 196 AD2d at 551) and, inasmuch as it is undisputed that defendant failed to invoke his right to testify before the grand jury in accordance with the strict requirements of CPL 190.50, the court properly denied his motion (see People v Kirk, 96 AD3d 1354, 1358-1359 [4th Dept 2012], lv denied 20 NY3d 1012 [2013]; see generally Gannon, 174 AD3d at 1056; People v Caswell, 56 AD3d 1300, 1302 [4th Dept 2008], lv denied 11 NY3d 923 [2009], reconsideration denied 12 NY3d 781 [2009], cert denied 556 US 1286 [2009]).
We further reject defendant's contention that he was deprived of effective assistance of counsel based on defense counsel's failure to facilitate his appearance before the grand jury. "[A] '[d]efense counsel's failure to timely facilitate defendant's intention to testify before the [g]rand [j]ury does not, per se, amount to a denial of effective assistance of counsel' " (Hogan, 26 NY3d at 787; see People v Robinson, 193 AD3d 1393, 1393 [4th Dept 2021], lv denied 37 NY3d 968 [2021]). Moreover, even assuming, arguendo, that there was no strategic reason for defense counsel's failure, we conclude that defendant did not establish that he was prejudiced by [*2]that purported failure or that the outcome would have been different if he had testified (see Hogan, 26 NY3d at 787; Robinson, 193 AD3d at 1393; People v Lostumbo, 182 AD3d 1007, 1009 [4th Dept 2020], lv denied 35 NY3d 1046 [2020]). To the extent that defendant contends that prejudice may be established with evidence outside this record, the contention must be raised pursuant to a CPL 440.10 motion (see generally People v Streeter, 118 AD3d 1287, 1289 [4th Dept 2014], lv denied 23 NY3d 1068 [2014], reconsideration denied 24 NY3d 1047 [2014]).
We reject defendant's further contention that the court failed to conduct a sufficient inquiry into his complaints about defense counsel. A court's duty to consider a motion to substitute counsel is invoked only when a defendant makes a "seemingly serious request[ ]" for new counsel (People v Porto, 16 NY3d 93, 100 [2010] [internal quotation marks omitted]; see People v Sides, 75 NY2d 822, 824 [1990]). Only where a defendant makes "specific factual allegations of serious complaints about counsel" must the court make a "minimal inquiry" into "the nature of the disagreement or its potential for resolution" (Porto, 16 NY3d at 100 [internal quotation marks omitted]; see People v Gibson, 126 AD3d 1300, 1301-1302 [4th Dept 2015]), and the court is required to substitute counsel only where good cause is shown (see Porto, 16 NY3d at 100; Sides, 75 NY2d at 824; Gibson, 126 AD3d at 1302).
Here, to the extent that defendant made sufficiently specific factual allegations of serious complaints about defense counsel's failure to facilitate his appearance before the grand jury, we conclude that the court conducted the requisite minimal inquiry to determine whether substitution of counsel was warranted (see People v Fulton, 210 AD3d 1436, 1438 [4th Dept 2022], lv denied 39 NY3d 1154 [2023]). The record establishes that the court "allowed defendant to air his concerns about defense counsel, and after listening to them reasonably concluded that" defendant's specific complaints "had no merit or substance" (People v Linares, 2 NY3d 507, 511 [2004]) and that "defense counsel was reasonably likely to afford . . . defendant effective assistance of counsel" (Fulton, 210 AD3d at 1438 [internal quotation marks omitted]).
Defendant failed to preserve for our review his contention that, in sentencing him, the court penalized him for exercising his right to a trial (see People v Hurley, 75 NY2d 887, 888 [1990]; People v Britton, 213 AD3d 1326, 1328 [4th Dept 2023], lv denied 39 NY3d 1140 [2023]; People v Gilmore, 202 AD3d 1453, 1454 [4th Dept 2022], lv denied 38 NY3d 1008 [2022]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). Finally, defendant's sentence is not unduly harsh or severe.
Entered: February 7, 2025
Ann Dillon Flynn
Clerk of the Court