People v Bredt

2026 NY Slip Op 02580

April 24, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

v

FRANK BREDT, DEFENDANT-APPELLANT.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department

Decided on April 24, 2026

958 KA 22-00992

Present: Curran, J.P., Bannister, Nowak, Delconte, And Hannah, JJ.

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (AXELLE LECOMTE MATHEWSON OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL J. KEANE, DISTRICT ATTORNEY, BUFFALO (APRIL J. ORLOWSKI OF COUNSEL), FOR RESPONDENT.

Appeal from a judgment of the Supreme Court, Erie County (M. William Boller, A.J.), rendered May 20, 2022. The judgment convicted defendant upon a jury verdict of murder in the second degree (two counts).

[*1]

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts of murder in the second degree (Penal Law § 125.25 [1], [3]), stemming from allegations that, during a domestic dispute, he doused his girlfriend with gasoline and set her on fire, causing her death. We affirm.

We reject defendant's contention that Supreme Court erred in denying his motion to substitute counsel when it did not give him an opportunity to state the grounds for his motion and failed to conduct a sufficient inquiry into his complaints about counsel. A court's duty to consider a motion to substitute counsel is invoked only when a defendant makes a "seemingly serious request[ ]" for new counsel (People v Porto, 16 NY3d 93, 100 [2010] [internal quotation marks omitted]; see People v Fredericks, 43 NY3d 551, 557 [2025], rearg denied 43 NY3d 1014 [2025]; People v Sides, 75 NY2d 822, 824 [1990]). Only where a defendant makes "specific factual allegations of serious complaints about counsel" must the court make a "minimal inquiry" into "the nature of the disagreement or its potential for resolution" (Porto, 16 NY3d at 100 [internal quotation marks omitted]; see People v Gibson, 126 AD3d 1300, 1301-1302 [4th Dept 2015]), and the court is required to substitute counsel only where good cause is shown (see Porto, 16 NY3d at 100; Sides, 75 NY2d at 824; Gibson, 126 AD3d at 1302).

Here, although the court initially interrupted defendant when he began to explain his complaints about defense counsel, it thereafter allowed defendant to submit his pro se written motion requesting a substitution of counsel, and, in fact, permitted defendant to read out the contents of that written motion in open court. Thus, contrary to defendant's contention, we conclude that the record amply establishes that defendant was able to set forth the basis for his application for substitute counsel (see People v Hubbert, 227 AD3d 1547, 1548 [4th Dept 2024], lv denied 41 NY3d 1019 [2024]; People v Konovalchuk, 148 AD3d 1514, 1516 [4th Dept 2017], lv denied 29 NY3d 1082 [2017]; cf. People v Jones, 173 AD3d 1628, 1630 [4th Dept 2019]). Further, inasmuch as defendant's stated grounds were wholly without merit, there was no reason for the court to conduct any further inquiry. Defendant made no "specific factual allegations that would indicate a serious conflict with counsel" (Porto, 16 NY3d at 100-101; see Fredericks, 43 NY3d at 558; Konovalchuk, 148 AD3d at 1516). Indeed, we note that defendant's stated "loss of confidence in counsel arising from defense counsel's recommendation to accept a plea offer" is an "insufficient basis for substitution of counsel" (People v Schojan, 272 AD2d 932, 933 [4th Dept 2000], lv denied 95 NY2d 871 [2000]; see People v Linares, 302 AD2d 256, 256 [1st Dept 2003], affd 2 NY3d 507 [2004]).

Defendant's contention that the court deprived him of his constitutional right to present a defense when it excluded certain witness testimony suggesting that the victim started the fire that led to her death is unpreserved for our review inasmuch as he never objected to the court's determination at trial on that particular ground (see People v Harris, 229 AD3d 1055, 1056 [4th Dept 2024], lv denied 42 NY3d 971 [2024]; see generally CPL 470.05 [2]; People v Lane, 7 NY3d 888, 889 [2006]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). To the extent that defendant contends that the court erred in precluding him from eliciting such testimony on the basis that it constituted appropriate lay witness opinion testimony—a contention that is preserved—we conclude that it is without merit. "Generally, lay witnesses must testify only to the facts and not their opinions and conclusions drawn from the facts, as it is the jury's province to draw the appropriate inferences arising from the facts" (People v Reddick, 164 AD3d 526, 527 [2d Dept 2018], lv denied 32 NY3d 1114 [2018] [internal quotation marks omitted]; see People v Vizzini, 183 AD2d 302, 307 [4th Dept 1992]). Nevertheless, a lay witness may give opinion testimony when, inter alia, "the subject matter of that testimony is such that it is impossible to accurately describe certain facts without including some opinion or impression" (People v Dax, 233 AD2d 177, 178 [1st Dept 1996], lv denied 89 NY2d 986 [1997]; see generally Guide to NY Evid rule 7.03, Opinion of Lay Witness, http://www.nycourts.gov/judges/evidence/7-OPINION/7.03_OPINION%20OF%20LAY%20WITNESS.pdf [last accessed Mar. 23, 2026]). Here, the court properly precluded defendant from eliciting witness opinion testimony suggesting that the victim may have set defendant on fire based on the witness's observations of the manner in which defendant was on fire and how quickly his clothes had burned inasmuch as defendant failed to set forth any factual experiential foundation from which it could show that the witness had "sufficient experience" to offer such an opinion (People v Gozdalski, 239 AD2d 896, 897 [4th Dept 1997], lv denied 90 NY2d 858 [1997]; see generally People v Caccese, 211 AD2d 976, 977 [3d Dept 1995], lv denied 86 NY2d 780 [1995]).

Defendant's contention that he was deprived of a fair trial by prosecutorial misconduct is, for the most part, unpreserved for our review inasmuch as defendant failed to object to all but one of the statements he now challenges on appeal (see People v Kellam, 237 AD3d 1518, 1519 [4th Dept 2025]; People v Watts, 218 AD3d 1171, 1174 [4th Dept 2023], lv denied 40 NY3d 1013 [2023]; People v Torres, 125 AD3d 1481, 1484 [4th Dept 2015], lv denied 25 NY3d 1172 [2015]), and we decline to exercise our power to review the unpreserved part of that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). With respect to his preserved challenge, although it was improper for the prosecutor to sarcastically comment about agreeing to stipulate to "whatever other speculative statements that may have been made about this or Santa Claus or the Easter bunny," reversal is not required inasmuch as the court effectively "sustained [defendant's] prompt objection[ ] to the improper [comment], and defense counsel did not request [a] curative instruction[ ] [or] move for a mistrial" (People v Evans, 242 AD2d 948, 949 [4th Dept 1997], lv denied 91 NY2d 834 [1997]; see People v Peck, 272 AD2d 946, 947 [4th Dept 2000]; see generally People v Gaffney, 232 AD3d 1228, 1230 [4th Dept 2024], lv denied 43 NY3d 963 [2025]; People v Mencel, 206 AD3d 1550, 1554 [4th Dept 2022], lv denied 38 NY3d 1152 [2022]). Regardless, that one isolated comment was not so egregious that it deprived defendant of a fair trial (see People v Soto, 242 AD3d 1613, 1615 [4th Dept 2025], lv denied 44 NY3d 1068 [2026]; People v Hills, 234 AD3d 1311, 1314 [4th Dept 2025], lv denied 43 NY3d 963 [2025]; People v Burke, 197 AD3d 967, 968 [4th Dept 2021], lv denied 37 NY3d 1159 [2022]).

Defendant's contention that the People violated his statutory right to timely disclosure pursuant to CPL article 245 when the court admitted in evidence at trial several photographic exhibits created during trial is unpreserved for our review inasmuch as defendant never specifically objected to that evidence on that basis (see generally CPL 470.05 [2]; People v Phillips, 239 AD3d 1421, 1423 [4th Dept 2025], lv denied 44 NY3d 1012 [2025]; People v Jones, 90 AD3d 1516, 1517 [4th Dept 2011], lv denied 19 NY3d 864 [2012]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). Defendant also contends that he was deprived of a fair trial by the prosecutor's alleged creation of those new exhibits during trial. We reject that contention. Here, the new exhibits at issue were not merely created in a manner that deprived defendant of the opportunity to contest their evidentiary foundation (cf. People v Myles, 232 AD3d 1295, 1297 [4th Dept 2024], lv denied 43 NY3d 945 [2025], cert denied — US —, — S Ct — [2026]). Rather, they were close-up photographs of physical items already in evidence, and defendant was [*2]afforded an opportunity to confront the admissibility of the photographs at trial. Regardless, we nevertheless conclude that any improper use of those exhibits did not deprive defendant of a fair trial (see id.; People v King, 224 AD3d 1313, 1314 [4th Dept 2024], lv denied 41 NY3d 1019 [2024]; see generally People v Williams, 29 NY3d 84, 89 [2017]). Defendant's further contention that he was deprived of a fair trial when the court improperly permitted a prosecution witness to give lay opinion testimony, thereby usurping the factfinding function of the jury, is unpreserved for our review inasmuch as defendant did not object on that specific basis at trial (see CPL 470.05 [2]; Harris, 229 AD3d at 1056), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).

Defendant contends that there is legally insufficient evidence to establish that he started the fire that resulted in the victim's death. We reject that contention. Based on the evidence adduced at trial, we conclude that there is a valid line of reasoning and permissible inferences from which a rational jury could have found, beyond a reasonable doubt, that defendant set the fire that caused the victim's death. Although the People did not present evidence directly establishing that defendant started the fatal fire, the circumstantial evidence adduced at trial amply supported that conclusion. For example, the People presented evidence of defendant's motive to set the victim on fire (see generally People v Gardner, 26 AD3d 741, 741-742 [4th Dept 2006], lv denied 6 NY3d 848 [2006]). Specifically, the People presented evidence that defendant and the victim had recently broken up as a couple, and that, on the day of the fire, they had been arguing about what the victim was doing with property of defendant's that was still in her home. Text messages between defendant and the victim in the hours leading up to the fire show defendant threatening the victim with fire, and stating that she would regret losing his belongings. Indeed, the victim's responses to defendant's text messages are best understood as responses to defendant threatening to burn her.

Additional evidence supported the reasonable inference that defendant arrived at the victim's home for the sole purpose of setting her on fire. Specifically, a witness testified at trial that, on the night in question, defendant suddenly entered the victim's home and proceeded straight upstairs to the victim's bedroom, whereupon the witness heard banging. Defendant was upstairs for about five minutes, during which time the fire started. Shortly thereafter, defendant left, himself on fire, and went to hide in a closet in a neighboring house, which is evidence of his consciousness of guilt. Further supporting a finding that defendant set the victim on fire—and not the other way around—is forensic evidence establishing that: the victim was the "fuel package," i.e., that the victim, when covered in gasoline, was the combustible material that would sustain a fire; the fire started on her bed; and that no lighter or other ignition source was found close to her bed or body. Under these circumstances, we conclude that there is a valid line of reasoning and permissible inferences from which a rational jury could have found beyond a reasonable doubt that defendant started the fire that killed the victim (see generally People v Danielson, 9 NY3d 342, 349 [2007]).

Furthermore, viewing the evidence in light of the elements of the crimes as charged to the jury (see id.), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Even assuming, arguendo, that a different verdict would not have been unreasonable, we cannot conclude "that the jury failed to give the evidence the weight it should be accorded" (People v Maull, 167 AD3d 1465, 1467 [4th Dept 2018], lv denied 33 NY3d 951 [2019] [internal quotation marks omitted]; see generally Bleakley, 69 NY2d at 495).

Defendant also contends that defense counsel was ineffective in failing to argue, on summation, that his severe back burns were inconsistent with the People's theory that he had started the fire and was burned as a result of a vapor flash. He further contends that counsel, in failing to pursue the aforementioned theory of the case, was ineffective in not calling either defendant's treating physician or another medical expert to testify about the severity of the burns defendant sustained as a result of the fire. We reject those contentions and conclude that defendant failed to " 'demonstrate the absence of strategic or other legitimate explanations' for counsel's alleged shortcomings" in that regard (People v Benevento, 91 NY2d 708, 712 [1998], quoting People v Rivera, 71 NY2d 705, 709 [1988]). With respect to defense counsel's failure to argue defendant's theory that his burns were inconsistent with the People's theory of the case, we note that defendant's proposed theory was supported by an isolated statement made by one witness, who almost immediately hedged on that statement and thereafter offered other [*3]reasonable explanations for defendant's burns that were, in fact, consistent with the People's theory. Thus, it was perfectly reasonable for defense counsel to decide to primarily focus the summation on the theory that the People failed to prove beyond a reasonable doubt that defendant rather than the victim started the fire, rather than to rely on a theory that had, at best, dubious support in the record. Furthermore, to the extent that defendant contends that defense counsel was ineffective in failing to call a particular witness at trial, that contention is based on matters outside the record, and we note that a CPL 440.10 proceeding is the appropriate forum for reviewing that claim (see People v Reeder, 221 AD3d 1592, 1593 [4th Dept 2023], lv denied 41 NY3d 944 [2024]; People v Belton, 199 AD3d 1373, 1374-1375 [4th Dept 2021], lv denied 37 NY3d 1159 [2022]; see generally People v Maffei, 35 NY3d 264, 269-270 [2020]).

Finally, we conclude that defendant's sentence is not unduly harsh or severe.

Entered: April 24, 2026

Ann Dillon Flynn

Clerk of the Court